### D. A. UPHAM v. PAUL LADD.

No. 6529.   Decided June 17, 1936.
Rehearing overruled July 22, 1936.
(95 S. W., 2d Series, 365.)

*H. B. Penix,* of Wichita Falls, *W. H. Penix,* of Mineral Wells, and *Hiner & Pannell,* of Fort Worth, for plaintiff in error.

Plaintiff is required to allege facts showing his right to recovery as prayed for in his petition. The petition of defendant in error alleged facts showing the gross amount for which gas was sold off the premises, but allegations as to the cost of transporting such gas to market, or facts excusing such allegations, were absent from the petition and it was therefore subject to general demurrer. Martin v. Amis, 288 S. W., 431; Rains v. Kentucky Oil Co., 200 Ky., 480, 255 S. W., 121; Reynolds v. McMan Oil Co. (Com. App.), 11 S. W. (2d) 778; Hopkins v. Texas Co., 62 Fed. (2d) 691; Bouldin v. Gulf Produc-

tion Co., 5 S. W. (2d) 1019; Hoffer Oil Corp. v. Hughes, 16 S. W. (2d) 901.

*Reynolds & Heare*, of Shamrock, for defendant in error.

Where the petition was founded on an oil and gas lease with the royalty provision that the lessee pay to the lessor one-eighth of the proceeds from the sale of gas as such from a well where gas only was found in the well in question, it was not error for the Court of Civil Appeals to reverse the judgment and remand the case to the trial court which had sustained a general demurrer to such petition, where plaintiff failed to negative that gas was transported at cost of lessee, as lessor could only recover one-eighth of the gas at the well. Barton v. Laclede Oil & Mining Co., 27 Okla., 416, 112 Pac., 965; Curry v. Texas Company, 8 S. W. (2d) 210; Rankin v. Parker, 4 S. W. (2d) 227.

*Morgan, Culton, Morgan & Britain*, of Amarillo, filed argument as amicus curiae.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Suit was filed by Paul Ladd, defendant in error, against D. A. Upham, plaintiff in error, to recover a balance of gas royalty alleged to be due under an oil and gas lease executed by Ladd and wife covering a tract of land in Wheeler County. Upham by virtue of a regular chain of transfer of the lease enjoys as assignee the same rights, and stands committed to the same obligations with respect to the lease, as the original lessee. The trial court sustained a general demurrer to the petition and entered an order of dismissal. The Court of Civil Appeals reversed and remanded the case for a trial on its merits. 58 S. W. (2d) 1037. The lessee brings error.

The royalty provision in question reads:

"The lessee shall pay lessor, as royalty, one-eighth of the proceeds from the sale of the gas, as such, for gas from wells where gas only is found, and where not sold shall pay Fifty ($50.00) Dollars per annum as royalty from each such wells, and while such royalty is so paid, such well shall be held to be a producing well under paragraph numbered two hereof. The lessor to have gas free of charge from any gas well on the leased premises for stoves and inside lights in the principal dwelling house on said land by making his own connections with the wells, the use of said gas to be at the lessor's sole risk and expense. The lessee shall pay to lessor for gas produced from any oil well and used by the lessee for the manufacture

of gasoline, or any other product, as royalty one-eighth of the market value of such gas. If said gas is sold by the lessee, then as royalty one-eighth of the proceeds of the sale thereof."

Taking as true the allegations of lessor's petition as they relate to the gist of his complaint it appears that Upham was engaged in the gas production transportation, and distributing industry in Wheeler and Gray Counties, and was from November 5, 1929, to May 1, 1931, the owner of a pipe line running from Wheeler to Gray County, and was owner of a distributing plant where he as sole owner was engaged in supplying the town of McLean with gas, at all times mentioned in the petition; that he sunk on the land covered by the lease a well which produced gas only, and between the dates of November 5, 1929, and May 1, 1931, "took out of, and transported from said well * * * a total of 323,859,600 cubic feet of gas, and sold the same off of the premises for the sum of $161,929.80," which last mentioned sum is alleged to be the proceeds of the sale of the gas taken from the well by the lessee. It is further alleged that under the terms of the lease contract the lessee became obligated to pay the lessor one-eighth of the amount of the proceeds, to-wit, $20,242.50, and failed and refused to pay lessor any part of the sum except about $800.00. The prayer is for recovery of the balance alleged to be due with interest.

It is apparent from the foregoing brief statement of plaintiff's allegations with respect to the merits of the case that the petition states prima facie a cause of action. It was not necessary for the lessor as plaintiff to go further in his allegations and anticipate matters that might be pleaded defensively by the lessee, even though such matters might affect the amount of lessor's recovery, or defeat recovery altogether. Porter et al. v. Burkett, Murphy & Burns, 65 Texas, 282, 33 Texas Jur., p. 458, sec. 41. The petition is good as against a general demurrer and the trial court erred in not so holding. The judgment of the Court of Civil Appeals reversing and remanding the cause for trial on its merits is correct, but to prevent misunderstanding that the implications of the main opinion are approved in entirety, it will be discussed briefly.

It states that Webster defines the term "proceeds" as "the amount realized from the sale of property," and quotes definitions of the term as used in the cases referred to. While it is not stated that the definitions are to be taken as determinative on the trial of the case on its merits that the amount due by the lessor is one-eighth of the amount realized by the lessee from the sale of the gas, it is subject to such interpretation.

It is doubtless for this reason that Associate Justice Lattimore was careful to add to the opinion a brief supplement which reads: "I do not consider this opinion to express any views on whether the defendant may show as defensive the cost of transportation to market."

That no view on that question can properly be expressed here should be apparent. The contract sued upon is such as to require that it be construed in the light of the facts and circumstances surrounding the parties when it was made. Texas Jur., Vol. 10, p. 290, sec. 168. For this reason it is not possible in the present state of the record to construe the lease contract sued upon unaided by pleading and proof defensively of the surrounding facts and circumstances attending its execution. For the same reason we express no opinion of the discussion by the Court of Civil Appeals of the meaning of the abstract of the term "proceeds." The court cannot judicially know the matters urged by plaintiff in error in aid of construction, which were neither alleged nor proved, to determine its meaning in the present contract. Of necessity we pretermit any discussion of the provisions of the contract in advance of a trial on the merits.

The judgment of the Court of Civil Appeals reversing and remanding the case is affirmed.

Opinion adopted by Supreme Court June 17, 1936.

Rehearing overruled July 22, 1936.