542 P.2d 424

Linda McCLAIN, Appellant,

v.

Rudy BEDER, Administrator of the Estate
of Joe Beder, Deceased, Appellee.

No. 1 CA–CIV 2764.

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 20, 1975.

Wolfinger, Lutey and Preston, Ltd., by
S. D. Lutey, Ronald C. Ramsey, Prescott,
for appellant.

George M. Ireland, P.C., Prescott, for
appellee.

OPINION

OGG, Presiding Judge.

There is one issue in this appeal. Does
the divorce of the insured from the named
beneficiary terminate the right of the
named beneficiary to recover the proceeds
of a life insurance policy upon the death
of the insured?

Joe Beder purchased an insurance policy
on his life in January, 1973. The named
beneficiary was his wife, Linda Beder, now
Linda McClain, the appellant/defendant in

this case. Joe Beder and Linda McClain were divorced in February, 1973. Joe Beder died in May, 1973, and at the time of his death his former wife Linda was the named beneficiary under the policy. When counsel for the insurance company notified the appellee-plaintiff, Rudy Beder, Administrator of the Estate of Joe Beder, Deceased, that the company was going to pay the proceeds of the policy to the named beneficiary, Linda McClain, a civil action was filed by the Estate, claiming the money. The insurance company deposited the $4,000 proceeds into court and the issue was joined as to whether the Estate or Linda McClain would be entitled to the money. Both parties filed motions for summary judgment. The trial court entered judgment in favor of the Estate and Linda McClain now brings this appeal.

█ It is a well-established principle of insurance law that a life insurance policy is a binding contract and the courts cannot alter the terms of such contract. *Dairyland Mutual Insurance Company v. Anderson,* 102 Ariz.5 15, 433 P.2d 963 (1967); *DeAlmada v. Sovereign Camp W.O.W.,* 49 Ariz. 433, 67 P.2d 474 (1937).

█ Another basic concept of insurance law is that the insured may change the beneficiary at any time unless there is a special provision in the policy restricting such right. *Doss v. Kalas,* 94 Ariz. 247, 383 P.2d 169 (1963). However, if the insured does not change the beneficiary prior to his death, the proceeds of the policy vests in the beneficiary at the time of his death. In this case the divorce in and of itself had no effect on the right of Linda McClain to recover the proceeds of the policy since she was the named beneficiary at the time of the death of the insured. *Mullenax v. National Reserve Life Insurance Co.,* 29 Colo.App. 418, 485 P.2d 137 (1971); *Thorp v. Randazzo,* 41 Cal.2d 770, 264 P.2d 38 (1953); *Shaw v. Board of Administration,* 109 Cal.App.2d 770, 241 P.2d 635 (1952).

The Estate does not argue with these general principles of insurance law but claims that it would be against sound public policy to award the proceeds to Linda after she had become divorced from the insured. Under the law we are governed by the terms of the policy. Joe Beder could have changed the beneficiary after the divorce but he did not take such action. The mere fact that parties divorce does not automatically mean the insured no longer intends the beneficiary to be covered under the policy. In our opinion it is a sounder public policy to enforce the terms of the insurance contract.

The Estate makes a specific argument that Linda McClain waived or renunciated any rights to the policy proceeds under the terms of the divorce decree which divided the property in the following manner:

"* * * That each of the respective parties is awarded and is entitled to all of their personal property."

█ This is a rather common stock clause inserted into many divorce decrees. In this case Linda was granted a default divorce; there was no property settlement agreement nor was the insurance policy specifically mentioned in the divorce decree. The parties could have disposed of the rights of the named beneficiary in a divorce judgment, but this was not provided for in this case.

This specific issue is discussed in 5 *Couch on Insurance 2d* § 29:4:

"In consequence of the fact that ordinarily divorce does not affect the right of the named beneficiary, it follows that where the husband does not change the beneficiary after having been divorced, the divorced wife is entitled to the proceeds of the policy upon the death of the insured." At page 267.

\* \* \* \* \* \*

"Moreover, while a settlement agreement may require the beneficiary wife to sur-

render or 'turn over' the policy to the insured, that fact alone does not destroy her right as beneficiary where the insured thereafter did not change her designation as beneficiary.

Whether a property settlement agreement should be deemed to bar the divorced wife is a question of the construction of the agreement itself. Where there is no provision that the effecting of the settlement agreement should deprive her of her rights as named beneficiary and she in fact remains named as beneficiary, the settlement agreement will not be given a broader scope than its expressed terms specify and she will not be barred from her right as the named beneficiary." At pages 268 and 269.

■ The general rule is that the former wife who is the designated beneficiary of her husband's insurance policy is entitled to the proceeds unless such rights have been specifically cancelled by agreement or court decree. *Harris v. Harris,* 83 N.M. 441, 493 P.2d 407 (1972); *Partin v. de-Cordova,* 464 S.W.2d 956 (1971); *Mullenax v. National Reserve Life Insurance Company, supra; Northwestern Life Insurance Company v. Perrigo,* 47 Wash.2d 291, 287 P.2d 334 (1955); *McCain v. Yost,* 155 Tex. 174, 284 S.W.2d 898 (Tex.1955).

From a reading of the divorce decree, in light of all the facts in this case, we do not construe the decree as tantamount to a waiver or renunciation of the rights of Linda McClain to take the insurance proceeds as the named beneficiary under the policy.

The judgment of the trial court is reversed with directions to enter judgment in favor of Linda McClain.

DONOFRIO and FROEB, JJ., concurring.