Rebecca Rose DREESEN, Appellant,

v.

C. E. COLEMAN, Appellee.

No. 8307.

Court of Civil Appeals of Texas, Texarkana.

Dec. 2, 1975.

Rehearing Denied Dec. 30, 1975.

J. R. Cornelius, Jefferson, for appellant.

Neal Birmingham, Linden, for appellee.

CHADICK, Chief Justice.

Suit was instituted in the court below by Rebecca Rose Dreesen against Travelers Insurance Company, C. E. Coleman and Sarah Charlene Turner. The insurance company answered by pleading an action in the nature of interpleader. C. E. Coleman moved to abate and subject to his motion answered to the merits. Sarah Charlene Turner al-

lowed a default judgment to be entered. Both C. E. Coleman and Rebecca Rose Dreesen gave notice of appeal from the final judgment entered in the trial court and the latter perfected an appeal.

Rebecca Rose Dreesen and Charles Wayne Coleman were married in December 1973. Two policies insuring his life and naming his wife Rebecca as beneficiary were issued to Charles in February 1974 by Travelers Insurance Company. The couple separated in March 1974 and divorce proceedings were instituted by the wife. Divorce was granted June 24, 1974 and Rebecca's maiden name of Dreesen was restored to her by the decree. Eight days after the divorce Charles lost his life in an automobile accident.

The trial court awarded one half of the proceeds of the policies to Rebecca and one half to Charles' estate, less attorney fees and costs awarded the insurance company. Findings of fact and conclusions of law authorized by Tex.R.Civ.P. 296 were filed. The facts found are in harmony with the foregoing recitals but additionally show that the cash value of the two insurance policies was not partitioned in the divorce decree and that prior to his death Charles had no knowledge of the divorce decree and no reasonable opportunity after the decree was entered to change the beneficiary designated in the policies.

Though the marriage was dissolved, by statutory precept Rebecca had an insurable interest in the life of Charles. *Scherer v. Wahlstrom*, 318 S.W.2d 456 (Tex. Civ.App. Fort Worth 1958, writ ref'd); *McCain v. Yost*, 155 Tex. 174, 284 S.W.2d 898 (1955); Tex.Ins.Code Ann. art. 3.49–1. Charles' designation of Rebecca as beneficiary was a contractual matter between him and the insurer. *Scherer v. Wahlstrom*, supra; *Garabrant v. Burns*, 130 Tex. 518, 111 S.W.2d 1100 (1938, opinion adopted). The policies permitted Charles to change beneficiaries at will by complying with policy provisions governing change, but he neither removed nor attempted to remove Re-

becca as beneficiary. Since the insurance contracts did not violate public policy, they are, as contracts, enforceable as written. *Pyle v. Eastern Seed Co.*, 145 Tex. 385, 198 S.W.2d 562 (1946); 13 Tex.Jur.2d, Contracts, Sec. 278. It follows that judgment should have been rendered that Rebecca take all proceeds of the policies except as adjudged to the insurance company on its interpleader action.

The judgment of the trial court will be reversed insofar as it awards the estate of Charles Wayne Coleman a recovery. Judgment is rendered that Rebecca Rose Dreesen recover the proceeds of the policies, together with costs, less attorney fees and costs awarded Travelers Insurance Company by the trial court, and in all other respects the judgment is affirmed.

CORNELIUS, J., not participating.