Clifford Earl BOWERS, Jr., Martee Montique Bowers, and Anthony Lamar Bowers, b/n/f Cheryl Yvonne Bowers, Appellees,

v.

**Lula C. BOWERS, Appellant.**

Supreme Court of Tennessee, at Nashville.

Aug. 16, 1982.

Jim H. Wachter, Madison, for appellant.

Cleve Weathers, Bruce, Weathers & Dughman, Nashville, for appellees.

OPINION

FONES, Justice.

The single issue in this case is whether a property settlement agreement incorporated in a divorce decree, wherein wife released husband from all claims arising out of the marital relationship and waived any other rights not provided for therein, should be construed as effecting a change in beneficiary of husband's life insurance, where

wife was still the named beneficiary under the policy at the date of husband's death, thirty-four days after the divorce.

Clifford Bowers, decedent, had life insurance through his employer with the Equitable Life Assurance Society in the amount of $16,000. The policy, which was taken out prior to the divorce litigation, named his wife Lula C. Bowers, defendant here, as sole beneficiary of the proceeds and the beneficiary had not been changed prior to the fatal accident. The life insurance policy contained a double indemnity provision in the event of accidental death. Defendant received the first $16,000 in accordance with the terms of the policy prior to any objection by plaintiffs.

Defendant spent this initial $16,000 in proceeds to pay the funeral expenses for decedent, to make a downpayment on a new car, to remodel a portion of the family home and to pay clothing and medical expenses for herself and the children in addition to other minor expenditures.

Plaintiff, a sister of decedent brought suit in behalf of the two children, as alleged intended beneficiaries of the second $16,000 payable under the double indemnity provisions of the insurance policy.

The learned trial judge awarded defendant the total proceeds of the policy as named beneficiary. The majority of the Court of Appeals reversed the trial judge, holding

"that where the property settlement agreement and resulting decree of divorce generally divest a former spouse of all rights or claims not provided for herein and the former spouse so released suffers an untimely and sudden death a short time later without changing the beneficiary of his or her life insurance policy or policies, there is a rebuttable presumption created that all of the former spouse's rights in the proceeds of any life insurance have been terminated and that had the decedent lived for a reasonable period of time thereafter, he or she would have taken the necessary steps to formalize a change of beneficiary."

The Court of Appeals further found defendant had not rebutted the presumption and awarded the proceeds from the life insurance double indemnity clause to plaintiff.

The majority regarded as significant the language of the settlement agreement that "each party relinquishes to the other any rights or claims not provided for herein," and the fact that wife was represented by counsel at the time of the execution of the agreement and husband was not represented by counsel; that he was in good health at the time and the unforeseen accident occurred a short time after the divorce. The majority reasoned that husband, untrained in the law, would not understand the "formal requirements to change the beneficiary of a life insurance policy," and found it more likely that, "a layman reading a property settlement agreement with the same or similar language ... would believe ... that each spouse had in fact relinquished all rights that he or she had in the property of the other."

Judge Cantrell in his dissenting opinion reached the conclusion that being the beneficiary of a husband's life insurance was not a right or claim arising out of the marital relationship and thus was not "relinquished" or "waived" by the property settlement agreement and therefore the proceeds of the policy passed to the wife by insurance contract law.

We believe the dissent expresses the better view, and quote the essence of that opinion as follows:

"Being a beneficiary of the life insurance of her ex-husband was not a 'property right', a result of an 'obligation to support a wife', a 'right', or a 'claim' which was waived and relinquished by the property settlement agreement. The husband was under no duty by law or contract to have life insurance in the first place or to designate the defendant as the beneficiary of it; he could have changed the beneficiary at any time without encountering any of the defendant's rights; she simply had no claim with respect to the life insurance. Therefore the terms

of the property settlement agreement do not affect the life insurance policy at all. This is the majority view and the better view in my opinion. See 46 C.J.S., Insurance, § 1160, and Couch on Insurance 2d. § 27.111.

The majority opinion however does not stand entirely on what it calls the 'broad and general' provisions of the release. The majority creates a rebuttable presumption out of the release and the untimely death of the insured a 'short time' later and the lack of a 'reasonable' time within which to change the beneficiary. Even under that test the Trial Judge should be affirmed. Thirty-four days is not a 'short time' and is a 'reasonable' time within which to change a beneficiary of life insurance, or at least to make a start at it.

Furthermore, in my opinion that period of time after the divorce is granted should not be given the significance that it apparently is by the majority. A divorce does not come as an earthquake, without warning, to suddenly break apart a marriage where one day the parties are happy and the next day headed for divorce. A divorce is generally the result of a long smouldering process of discontent and disenchantment. The parties have months in which to contemplate and consider all the ramifications of the divorce.... In such a situation the number of days after the divorce is granted is far less significant and should not give rise to a presumption that the deceased intended to change the beneficiary of his life insurance."

This issue is one of first impression in this State and there is respectable authority in other jurisdictions that supports either result. *See, Western & Southern Life Insurance Co. v. Hague*, 74 Ohio L.Abs. 259, 140 N.E.2d 89 (1956), *Romero v. Melendez*, 83 N.M. 776, 498 P.2d 305 (1972) cited by the majority opinion of the Court of Appeals. However, *Prudential Insurance Company v. Weatherford*, 49 Or.App. 835, 621 P.2d 83 (1980) has a factual situation very similar to the present case. In *Weatherford* the husband's life insurance was maintained by his employer. The marriage ended in a divorce decree incorporating a property settlement prepared by the wife's attorney which purported to constitute a "full, complete and final property settlement." The husband was accidentally killed six days later leaving his former spouse as named beneficiary of the life insurance proceeds. The *Weatherford* court concluded that evidence with respect to the parties' intent as to disposition of the insurance proceeds was not inconsistent with the property settlement so as to necessitate a variance in the written terms naming the beneficiary of the insurance policy. *Id.* 621 P.2d at 86. *See also Dressen v. Coleman*, 531 S.W.2d 201 (Tex. Civ.App.1975); *McClain v. Beder*, 25 Ariz. App. 231, 542 P.2d 424 (1975); and also *Marquet v. Aetna Life Ins. Co.*, 128 Tenn. 213, 224, 159 S.W. 733 (1913).

In *Hergenrather v. State Mutual Life Assurance Company of Worcester*, 79 Ohio App. 116, 68 N.E.2d 833 (1946), wife remained as beneficiary of husband's life insurance for a period of two years following the entry of a divorce decree approving a property settlement wherein wife relinquished all claims against husband arising out of the marital relationship in language even more comprehensive than appears in the settlement agreement in the instant case. It was the contention of husband's estate that by the terms of the separation agreement wife had relinquished and forfeited her rights as beneficiary under the policy. The essence of the Ohio Court's response was as follows:

"The right of the wife to recover the proceeds of the policy does not hinge on the existence of a relationship of husband and wife, but rather on the well established principles of contract law.... The fact that her status had changed before the death of the insured did not in any manner deprive her of a right she already possessed. The words 'Wife of the insured' after the name of the beneficiary were merely descriptive.

. . . .

Her right did not arise out of the relation of husband and wife. True, she was his

wife at the time the policy was issued and this fact undoubtedly was the reason why she was named as beneficiary, but her property interest in the policy did not arise out of the marriage relation. *Wallace v. Mutual Ben. L. Ins. Co.*, 97 Minn. 27, 106 N.W. 84, 3 L.R.A., N.S. 478." *Id.* 68 N.E.2d at 835.

It is our view that the property settlement agreement had no force and effect whatever upon the life insurance policy and neither the agreement nor the divorce terminated wife's status as named beneficiary in the policy or her right to receive the proceeds.

The judgment of the Court of Appeals is reversed and that of the trial court affirmed and this cause is remanded to the trial court for enforcement of the appropriate judgment. Costs are adjudged against plaintiffs.

HARBISON, C.J., and COOPER, BROCK and DROWOTA, JJ., concur.