Patricia Fenix BECKHAM, Appellant,

v.

Mary Lenora BECKHAM, Administra-
trix, et al., Appellees.

No. A14–83–598CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 17, 1984.

Ronald G. Fitzgerlad, Charles J. Brink &
Associates, Houston, for appellant.

Bertrand C. Moser, Houston, for appel-
lees.

Before J. CURTISS BROWN, C.J., and
CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This controversy over the ownership of
the proceeds of life insurance policies

arises between the named beneficiary, the former wife of the decedent, (Patricia Fenix Beckham, appellant) and the administratrix of the estate of the decedent; (Mary Lenora Beckham, appellee). A divorce had occurred between the decedent and his former wife thirty-five days before the decedent's death. The former wife's designation as beneficiary of the policies was not changed by the decedent, although the divorce decree awarded the insurance policies to him as his sole and separate property. Soon after the decedent's death, the wife collected $55,000 in proceeds. The court found from the evidence that the decedent did not intend for his former wife to be the beneficiary of the policies and accordingly granted the Administratrix judgment for $20,000 of the proceeds which were used by appellant, Patricia Fenix Beckham, to purchase a certificate of deposit. The court refused to grant judgment to the Administratrix for a car which it found to have been purchased by the ex-wife with a portion of the proceeds, because there were no pleadings requesting that the car be turned over to the decedent's estate.

This appeal and cross-appeal present the questions of: 1) whether the evidence is sufficient to support the trial court's finding that the decedent intended his former wife to be the beneficiary of the policy; 2) whether this finding if correct entitled appellee to judgment; 3) whether the order of temporary injunction issued in this cause is void for failure to state the reasons for its issuance; and 4) whether the pleadings of cross-appellant, Mary Lenora Beckham, Administratrix, are sufficient to permit judgment for the car purchased with the proceeds. We affirm in part and reverse and render in part.

Appellant contends in her third and fourth points of error that the trial court erred in awarding the insurance proceeds to the administratrix as a matter of law simply because it found that the decedent did not intend appellant to be the beneficiary under his policies. Appellant argues: 1) that as the named beneficiary of the policies she retained an insurable interest in the life of the decedent even though

their marriage had been dissolved, *McCain v. Yost,* 155 Tex. 174, 284 S.W.2d 898 (1955); and 2) that a life insurance policy is a contract enforceable as written and that the intention of the decedent would not control. *Dreesen v. Coleman,* 531 S.W.2d 201 (Tex.Civ.App.—Texarkana 1975, writ ref'd n.r.e.); *Duty v. Ignasiak,* 633 S.W.2d 654 (Tex.Civ.App.—Houston [14th Dist.] 1982, no writ).

▮▮▮ In the case where a man purchases insurance policies and designates his wife as the beneficiary, later divorces that wife, and is awarded the policies by the divorce decree and dies shortly after the divorce without having changed the beneficiary, we hold that the intent of the decedent, rather than the policies, determines the beneficiary. While the decedent's failure to change the policies creates a presumption that he intended his former wife to be the beneficiary, this presumption can be rebutted. *Pitts v. Ashcraft,* 586 S.W.2d 685, 696 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *McDonald v. McDonald,* 632 S.W.2d 636 (Tex.Civ.App.— Dallas 1982, no writ).

▮▮▮ Appellant erroneously asserts *Duty v. Ignasiak,* 633 S.W.2d 654 (Tex.Civ.App. —Houston [14th Dist.] 1982 no writ.) for the proposition that the intent of the decedent is irrelevant, and that it is the insurance contract which determines the beneficiary. A correct statement of the holding in *Duty v. Ignasiak,* 633 S.W.2d at 656 is that while the intent of the insured is not relevant to a consideration of whether the insured effectively changed a previous designation of a beneficiary, that same intent is controlling in a determination of whether an insured designated a beneficiary originally. The holding in *Duty* has no application to this cause for two reasons: 1) This cause does not involve a determination of whether the insured effectively changed the previous designation of a beneficiary; there was no attempt to change the beneficiary in this cause; and 2) this cause involves an insured who was awarded ownership of policies by a divorce decree and dies

shortly after the divorce without changing his former wife as the beneficiary; *Duty* does not address this situation.

We hold that the court correctly concluded that its finding, that the decedent did not intend appellant to be the beneficiary, entitled appellee to judgment for the proceeds. Point of error three is overruled.

Appellant's points of error one and two challenge the legal and factual sufficiency of the evidence to support the trial court's finding that the decedent did not intend appellant to be the beneficiary. The evidence against this finding was as follows: Appellant testified that she and the deceased lived together after the divorce, that she and the deceased had plans to get back together, that the decedent's possessions were at the appellant's house at the time of his death, and that she had possession of the life insurance policies when the decedent died. The evidence which supports the trial court's finding is as follows: The decedent and appellant had no children from their marriage. Appellee, the mother of the deceased, testified that the decedent lived with her after the divorce, that the insurance policies were in her possession at the time of the decedent's death, that appellant through the pretense that she was never divorced from the decedent obtained the policies from appellee, and that the decedent was planning to marry another woman who was the mother of his child. There is also evidence that the decedent was seriously ill during the thirty-five day period between the divorce and his death. The trial court could reasonably have inferred that the decedent's physical disability prevented or hindered him from changing the beneficiary of the policies.

The trial court was presented with substantial and probative evidence both for and against the appellee's position that the decedent did not intend appellant to be the beneficiary of the proceeds. The trial court's finding was therefore based on its evaluation of the credibility of appellee and appellant as witnesses. Questions of credibility are within the province of the fact finder and will not be resolved on appeal.

*Norris Lenamond v. North Shore Supply Co.*, 667 S.W.2d 283, No. 83–021 (Tex.App. —Houston [14th Dist.] 1984, no writ); *Lane v. Brown*, 312 S.W.2d 735 (Tex.Civ. App. Dallas 1958, writ ref'd n.r.e.). We find sufficient evidence to support the trial court's finding and, therefore, overrule points of error one and two.

■ Appellant contends in her fifth point of error that the temporary injunction issued by the trial is void because the order fails to set forth the reasons for its issuance as required by TEX.R.CIV.P. 683. The order must set forth the reasons why the court deems it proper to issue the writ to prevent injury in the interim or the reasons why the court believes the applicant's probable right will be endangered if the writ does not issue; otherwise the order is void. *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549 (1953); *Boren v. Bank of the West*, 535 S.W.2d 776 (Tex.Civ.App.—Amarillo 1976, no writ). The order in this cause does not specify any reasons for its issuance and is therefore void. We sustain point of error five.

■ Cross-appellant, Mary Beckham, contends in her cross-point that the trial court erred in holding that her pleadings did not support a request that the car, purchased by appellant with the money proceeds she received from the policies, be turned over to the estate of the deceased. A petition must set forth a demand for judgment for the relief to which the party deems himself entitled. TEX.R.CIV.P. 47.

Appellee's First Amended Original Petition prayed that the life insurance policies and the proceeds appellant received be turned over to the estate of the deceased. Appellee argues that the "proceeds" of the policies includes the car. We disagree. Proceeds is that which results, proceeds or accrues from some possession or transaction. Black's Law Dictionary, Fifth Ed.; *Ladd v. Upham*, 58 S.W.2d 1037 (Tex.Civ. App.—Fort Worth) aff'd, 128 Tex. 14, 95 S.W.2d 365 (1936). The transaction at issue is the collection of the proceeds under the insurance policies. Because the car did

not result or accrue from this transaction, it is not part of the proceeds from the policies. The car resulted from a separate transaction (i.e. the expenditure of a portion of the proceeds after they had been received). The trial court correctly held that appellee failed to properly pray for the car. The cross-point is overruled.

We affirm the judgment of the trial court in all respects except for portion which continues the order of temporary injunction in effect. We reverse that portion of the trial court's judgment and render judgment that the order of temporary injunction is void.