# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 25, 2016 Session

## JOHN F. MANNING, SR. v. CRYSTAL JOAN MANNING, ET AL.

### Appeal from the Chancery Court for Hamblen County
### No. 2014CV83      Douglas T. Jenkins, Chancellor

---

### No. E2015-02082-COA-R3-CV-FILED-JUNE 30, 2016

---

This appeal involves the interpretation of a marital dissolution agreement. Pursuant to the agreement, the husband and wife agreed to waive any interest in the other party's retirement account upon the dissolution of the marriage. The husband failed to effectuate the change to his retirement account. Upon his death, the wife refused to sign documentation waiving her right to the benefits. The administrator of the estate filed suit. The parties filed competing motions for summary judgment. The trial court granted summary judgment to the wife. The administrator appeals. We reverse the judgment of the trial court and direct entry of summary judgment in favor of the administrator.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J. and D. MICHAEL SWINEY, C.J., joined.

H. Scott Reams, Morristown, Tennessee, for the appellant, John F. Manning, Sr.

David H. Stanifer and Neal W. Stanifer, Tazewell, Tennessee, for the appellee, Crystal Joan Manning.

### OPINION

### I.      BACKGROUND

Crystal Joan Manning ("Wife") and Jeffrey Kent Manning ("Husband") were married in July 1996. No children were born of the marriage. After approximately three years of marriage, Wife filed a complaint for divorce. The parties were divorced by order of the court on November 9, 1999. A marital dissolution agreement ("the MDA") was incorporated into the final decree. While neither party amassed significant assets in the

short duration of the marriage, each party held a retirement account with the other party listed as the beneficiary. As pertinent to this appeal, the MDA provided as follows:

> Each party agrees to waive any interest he/she may have in the other party's retirement. Wife agrees to waive any interest she may have in Husband's Eaton Vance Growth Fund, bank accounts and certificates of deposit.

> * * *

> Each of the parties shall execute, acknowledge and deliver any and all instruments and documents in writing which shall reasonably be required for purposes of effectuating the provisions and intent of this Marital Dissolution Agreement.

Husband died intestate on October 16, 2013. At the time of his death, Wife was still listed as the beneficiary to his 401(k) retirement account with JTEKT North America, Inc. ("JTEKT").

As the administrator of Husband's estate, John F. Manning, Sr. ("Administrator") attempted to contact Wife to obtain an authorization form directing the disbursement of the benefits from the retirement account to the estate. Having received no response, Administrator filed suit against Wife and JTEKT on February 28, 2014. Administrator requested a declaratory judgment finding that Wife waived any interest in the account pursuant to the provisions of the MDA. He also sought an order requiring the execution of a waiver as may be necessary to direct the disbursement of the benefits to the estate. JTEKT indicated its intent to disburse the benefits to the party designated by the court. Wife filed an answer in which she admitted that she agreed to the provisions of the MDA but denied that she waived her interest in the retirement account. She requested dismissal of the suit and disbursement to her as the named beneficiary.

The case proceeded to discovery. Wife was deposed on July 28, 2014. Her deposition testimony revealed that she removed Husband as the named beneficiary on her retirement account following the entry of the MDA. She acknowledged that the MDA provided Husband with the authority to do the same and that she agreed to execute any waivers necessary to waive her claim to his retirement account. However, she asserted that his failure to remove her as the named beneficiary indicated his intent to gift the benefits. She explained,

> I'm saying that I feel that he meant for me to have it because he was a very, very intelligent, level-headed, conscientious man when it came to his money. He had a head on him. Because he always paid cash for

everything. And I don't think he forgot to change that. He had from the year of [1999] to when he got sick to make this change if he had intended it and I don't think he forgot it.

She agreed that she would no longer possess a claim to the benefits if he had changed the named beneficiary on the account. She acknowledged that they adhered to the remainder of the requirements in the MDA without incident.

Wife acknowledged that with the exception of one phone call, she did not maintain contact with Husband following the divorce and that she was reliant upon others to learn of his whereabouts and life circumstances. She explained that he refused to speak with her when she telephoned him to express her sympathy after she learned that his father had received a cancer diagnosis.

Administrator filed a motion for summary judgment, alleging that the undisputed facts required the disbursement of the benefits to the estate. In support of his motion, he attached Wife's deposition testimony and a statement of undisputed material facts in which he alleged, in pertinent part, as follows:

(1)     that the MDA represents the agreement between Wife and Husband;

(2)     that Wife agreed that she would not have any claim to Husband's retirement;

(3)     that Wife agreed that she would execute any writings necessary to waive any claim that she had to the retirement of Husband; and

(4)     that Wife refuses to sign documents waiving her claim to Husband's retirement at JTEKT.

Wife requested dismissal of the motion for summary judgment and filed her own motion for summary judgment, alleging that the undisputed facts required disbursement of the benefits to her as the named beneficiary. In support of her motion, she filed a statement of undisputed material facts in which she alleged, in pertinent part, as follows:

(1)     that Husband changed certain beneficiaries after the divorce of the parties, but he did not change the account that is in dispute before the court and

(2)     that Wife agreed that she would execute any document to waive any claim as a beneficiary upon the same being presented to her, and Husband

chose not to remove her as the designated beneficiary on the account that is the subject of this litigation and

(3)     that Wife refuses to sign any documents waiving her claim to Husband's retirement account that he did not change during his lifetime; and, therefore, left her sole beneficiary of the same.

Following a hearing, the court denied Administrator's motion for summary judgment and entered summary judgment in favor of Wife.[1]  Citing *Bowers v. Bowers*, 637 S.W.2d 456 (Tenn. 1982), the court directed disbursement of the benefits to Wife as the named beneficiary.  This timely appeal followed.

## II.     ISSUE

We consolidate Administrator's two issues into the following single and dispositive issue:  Whether the court erred in granting summary judgment in favor of Wife.

## III.     STANDARD OF REVIEW

The appropriate summary judgment standard to be applied is as follows:

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).[2] When a properly supported motion is made, "the nonmoving party 'may not rest upon the

---

[1] Neither party filed a transcript or statement of the evidence for this court's review.

[2] We believe the standard set forth in *Rye* is controlling and must be applied retrospectively, despite the legislature's codification of Tennessee Code Annotated section 20-16-101, a similar, if not identical standard which provides as follows:

[T]he moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1)     Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in [Rule 56 of the Tennessee Rules of Civil Procedure], 'set forth specific facts' *at the summary judgment stage* 'showing that there is a genuine issue for trial.'" *Id.* at 265 (quoting Tenn. R. Civ. P. 56.06). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

"We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Rye*, 477 S.W.3d at 250 (citations omitted). "In doing so, we make a fresh determination of whether the requirements of [Rule 56] have been satisfied." *Id.* (citations omitted). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.,* 271 S.W.3d 76, 84 (Tenn. 2008).

## IV.    DISCUSSION

Administrator argues that the court erred in denying his motion for summary judgment when the MDA specifically provided that each party agreed to waive his or her interest in the other party's retirement account. He claims that the court was without the requisite authority to modify the provision and that the record is devoid of any evidence upon which such a modification might be based. Citing *Bowers* and *Lunsford v. Lunsford*, No. M2004-00662-COA-R3-CV, 2005 WL 2572389 (Tenn. Ct. App. Oct. 12, 2005), Wife claims that her designation as beneficiary is a matter of contract between Husband and JTEKT and that such designation may only be changed pursuant to the procedure designated in the contract. Administrator claims that the facts presented in *Bowers* are inapposite to the facts presented in this case and that this case is more closely aligned to the factual scenarios presented in *Lunsford* and *In re Estate of Ellis*, No. M2012-00585-COA-R3-CV, 2013 WL 1187419 (Tenn. Ct. App. March 20, 2013), *perm. app. denied* (Tenn. Aug. 14, 2013).

In *Bowers*, the property settlement agreement incorporated in the divorce decree included a clause "wherein wife released husband from all claims arising out of the marital relationship and waived any other rights not provided for therein." 637 S.W.2d at 456. When husband died unexpectedly, wife claimed entitlement to the proceeds from his life insurance policy as the named beneficiary. *Id.* The Supreme Court held that the

(2)    Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

- 5 -

settlement agreement "had no force and effect whatever upon the life insurance policy" and that "neither the agreement nor the divorce terminated wife's status as named beneficiary in the policy" when her status as a named beneficiary was not a "property right" arising out of the marital relationship. *Id.* at 458-59.

In *Lunsford*, this court affirmed the trial court's decision to divest the wife of any interest in the husband's retirement account as the named beneficiary at the time of his death based upon the following provision in the marital dissolution agreement:

> Each spouse hereby further waives and releases except as otherwise provided herein, any right, title and interest which he or she may have now, or in the future, to any retirement payment or annuity by virtue of his or her being the spouse of the other party, and by virtue of such other party's employment, or by virtue of any other retirement program, plan or pension system which may have included the other party in the past, or which may include such other party now, or which may include the other party in the future. To this end both parties declare that it is each's (sic) intent that this provision have the same force and effect as if he or she had signed any waiver forms releasing his or her aforementioned interest, but each further agrees to execute whatever documents may be required in this regard in the future, as necessary, to accomplish the purposes heretofore stated.

2005 WL 2572389, *1-2. We recognized the contractual relationship between the husband and the company funding the retirement account before ultimately holding that the wife possessed a "continuing duty to execute whatever documents that may be required to accomplish the purpose and intent of the marital dissolution agreement." *Id.* at *3.

In *Ellis*, this court affirmed the trial court's decision to divest the wife of any interest in the ownership of funds that were held in jointly titled accounts at two banking institutions at the time of the husband's death. 2013 WL 1187419, at *1. In so holding, we agreed with the trial court that the marital dissolution agreement providing the husband with ownership of the accounts was tantamount to an amendment to the existing contract with the banking institution. *Id.* at *4. We further stated,

> The joint accounts at issue in the present case meet the definition of marital property and were appropriately included in the provisions of the Marital Dissolution Agreement. As our courts have stated, once an MDA has been approved by a trial court, both parties obtain a vested interest in the property allocated to them, and neither party may frustrate the other's receipt of his or her vested interest.

*Id.* at \*6. (internal citations omitted).

The facts presented in *Bowers* are simply inapposite to the facts presented in this case. We agree with Administrator that this case is more closely aligned with the facts presented in *Lunsford* and to an extent, *Ellis*. Here, the MDA specifically addressed the divestment of Wife's interest in the retirement account at issue. An MDA incorporated into a final decree of divorce "is a contract which is binding on the parties." *Stiel v. Stiel,* 348 S.W.3d 879, 885 (Tenn. Ct. App. 2011). Generally, once a contract is formed it cannot be modified without consent and additional consideration for the new terms. *GuestHouse Intern., LLC v. Shoney's North America Corp.*, 330 S.W.3d 166, 190 (Tenn. Ct. App. 2010). While Husband failed to remove Wife as the named beneficiary, his failure does not evidence intent to modify when Wife possessed continuing obligations to waive any right she may have held in the account and to execute any documents reasonably required for the purpose of effectuating the provisions in the MDA. The record is simply devoid of any evidence establishing a modification of the MDA. Accordingly, we reverse the judgment of the trial court and direct entry of summary judgment in favor of Administrator.

## V.     CONCLUSION

The judgment of the trial court is reversed, and the case is remanded to the trial court for such further proceedings as may be necessary consistent with this opinion. Costs of the appeal are taxed to the appellee, Crystal Joan Manning.

_____
JOHN W. McCLARTY, JUDGE