Guy B. BATES et al.,
Plaintiffs-Appellants,

v.

TENNESSEE CONSOLIDATED RETIRE-MENT SYSTEM ex rel. Ray ASHLEY, Defendants-Appellees.

Court of Appeals of Tennessee,
Middle Section.

Dec. 2, 1977.

Certiorari Denied by Supreme Court
Feb. 27, 1978.

Abridged March 23, 1978.

Waller, Lansden, Dortch & Davis, D. L. Lansden, Nashville, J. Frank Hall, Memphis, W. G. McDonough, McMinnville, for plaintiffs-appellants.

Brooks McLemore, Jr., Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, for defendants-appellees.

Chandler, Manire, Harris & Shelton, Memphis, for amicus curiae.

## ABRIDGED OPINION

(With the approval of participating judges, the original Opinion has been abridged for publication)

TODD, Judge.

The plaintiffs brought this as a class action for the benefit of all affected county officials for a determination and declaration of their rights under various enactments of the General Assembly relating to retirement systems for county officials. From an adverse decree, plaintiffs have appealed. There is no appeal by defendants from adverse portions of the Chancellor's decree.

In 1972, the General Assembly created the Tennessee Consolidated Retirement System by Chapter 814, Public Acts of 1972 (Adj.S.). Said act is codified as Chapter 39, Title 8, Tennessee Code Annotated §§ 8–3901—8–3949 inclusive.

At the time of the enactment of the foregoing statute, plaintiffs were not members of any State Retirement System, but were members of local systems.

In 1973, the General Assembly enacted Chapter 347 of the Public Acts of 1973 which added subsection (f) to § 8–3924, T.C.A., as follows:

"Anything to the contrary notwithstanding, any member who: (1) served in any position covered by any of the superseded systems or (2) served in a capacity covered by a superseded system or (3) had service that would have been covered in one of the other superseded systems (provided it had been in existence) may now claim such service in the superseded system which he would have been a member had that system been in existence provided the member shows proper documentation as required by the Board of Trustees of the Tennessee Consolidated Retirement System.

"Be it further provided that such member pay in a lump sum an amount equal to that amount he would have contributed had he been a member of the applicable superseded system plus 6% interest per annum. Any member upon retiring shall be eligible to use the aggregate number of years in all systems to qualify for retirement; however, his benefits shall be computed under the applicable provisions of each superseded system based on the aggregate number of years in each superseded system or the Tennessee Consolidated Retirement System to determine his total benefits. Provided, however, the retirement allowance payable to such member shall not be less than the benefit determined on total years of service under Group I."

After the effective date of the 1973 act, the director of the County Officials Retirement System informed all county officials of the passage of the act and stated that it was mandatory for them to become members of the Tennessee Consolidated Retirement System as provided in said act. Plaintiffs complied with said notice by paying to the Tennessee Consolidated Retirement System the amounts required and demanded.

In 1975, The General Assembly enacted Chapter 315 of the Public Acts of 1975, effective June 30, 1975. Pertinent portions of said act are as follows:

Section 1. prohibits membership in more than one public employees retirement system and/or accrual of duplicate retirement benefits in separate public systems based upon the same service and compensation. This section was incorporated into § 8–3903, T.C.A.

Sections 5. and 6. attempted to change the retirement base of superseded systems.

Section 7. limited the retirement allowance to any member of superseded systems to 100 per cent of the final compensation except for cost of living increases.

The Chancellor held:

Section 1. is not unconstitutional.

Section 5. and 6. are unconstitutional and void.

Section 7. does not affect the rights of any of the plaintiffs who have no standing to challenge it.

All plaintiffs are entitled to a refund with interest of amounts paid for prior service pension rights which are disallowed by the decree.

All plaintiffs have appealed except one who withdrew from the case.

The assignments of error are as follows:

"1. The Chancellor erred in holding that plaintiffs were not entitled to claim prior service credit under the Tennessee Consolidated Retirement System for service credited to them under the local system.

"2. The Chancellor erred in holding that the rights of plaintiffs were not vested.

"3. The Chancellor erred in holding that plaintiffs were not deprived of a property right without due process of law.

"4. The Chancellor erred in holding that when plaintiffs made their payment to the Tennessee Consolidated Retire-

ment System they did not have a contract right to receive benefits from the prior service claimed.

"5. The Chancellor erred in holding that officials of the Tennessee Consolidated Retirement System could not bind the system or estop the system from taking a contrary position, even though plaintiffs had relied upon the action of the officials and paid their money into the retirement system.

"6. The Chancellor erred in giving Chapter 315 of the Acts of 1975 retroactive effect.

"7. The Chancellor erred in holding that plaintiffs did not have standing to question the validity of Section 7 of Chapter 315 of the Public Acts of 1975, as applied retroactively.

"8. The Chancellor erred in holding that plaintiffs were not eligible for membership in the Tennessee Consolidated Retirement System at the time they paid their money into that system.

It is apparent that this controversy arose because, in 1973, the Legislature provided that county officials might join the Consolidated System without specifically providing that this might not be done to obtain duplicate benefits, that is, that a county official must relinquish his rights in one system in order to obtain rights in another.

After the plaintiffs had paid the necessary amounts to "buy into" the Consolidated System, Chapter 315 of the 1975 Acts, passed "after the fact," undertook to retroactively declare and enforce a public policy against dual public pensions. This is plaintiffs' principal complaint.

Defendant's response to this complaint is that plaintiffs never had a vested right to acquire or claim dual pensions at public expense.

At this point, there should be a clarifying statement concerning the meaning and effect of Chapter 347 of the Public Acts of 1973, quoted supra.

▆▆▆ Appellants conceive that the statute authorized their admission to the "new" Tennessee Consolidated Retirement System

which, at that time, contained no specific prohibition against duplicate or dual public worker pensions. However the wording of the quoted act precludes any such interpretation in the words:

". . . may now claim such service in the *superseded system* . . . ."

This Court interprets subsection (f), supra, to mean:

"Those persons who are not now members of a superseded system may now retroactively become a member of that superseded system and thereby become a member of the new Tennessee Consolidated Retirement System *as a member of such superseded system*; but the delayed entry into the superseded system must be on the same terms as would have applied to a normal entry into such system."

This interpretation is supported by the elaborate provisions in the Consolidated Retirement Act for preserving the rights of members of superseded systems.

Thus, by the holding of this Court, if plaintiffs became members of the Tennessee Consolidated Retirement System, they did so by retroactively perfecting rights under a former, superseded system. The superseded systems under or through which plaintiffs were entitled to enter the Tennessee Consolidated Retirement System were The County Judges Retirement System and the County Officials Retirement System.

§ 17–517 T.C.A. (part of the superseded County Judges Retirement Act) provides in part as follows:

"After the date of receipt by the board of his application to become a member, he shall not thereafter be eligible to continue membership or participation in any other system, except that he shall be entitled to enjoy, unimpaired, any vested benefit existing under such other system, but in such case, no periods of time on account of which such vested benefits exist shall be considered credited service under this chapter."

§ 8–4011, T.C.A., part of the superseded County Officials Retirement Act, provides as follows:

". . . *Membership in other retirement systems prohibited—Exceptions.* —Persons electing membership in the retirement system created by this chapter shall not hold membership in any other public employees' retirement system, except that coverage by social security and membership in the Tennessee teachers' retirement system are specifically permitted; provided, however, that such persons shall be entitled to enjoy, unimpaired, any vested benefit existing under such other system, but in such case, no periods of time on account of which such vested benefits exist shall be considered credited service under this chapter.

"Any member of the Tennessee retirement system for county officials who also holds membership in any other public employees' retirement system may elect to withdraw his membership in full and his contributions in full from such other system without impairing his right to hold office in the county concerned and receive credited service under this chapter in the Tennessee retirement system for county officials for such credited service as he held in such other system upon applying for membership in accordance with § 8–4012. [Acts 1968 (Adj.S.), ch. 617, § 11; 1969, ch. 49, § 5; 1970 (Adj.S.), ch. 394, § 1.]"

Thus it is seen that the two retirement systems through which plaintiffs must claim membership in the Tennessee Consolidated Retirement System specifically exclude members of other public retirement systems. In other words, prior to the enactment of 1973 Act and prior to the actions of plaintiffs in seeking admission to the Consolidated System, the two laws just mentioned prohibited membership in more than one public employees retirement system; and thus, any right of plaintiffs to enter the Tennessee Consolidated Retirement System through either of said superseded systems was limited by the quoted provisions of the law applicable to such systems.

Therefore, the Act of 1973, permitting County Officials and County Judges to en-ter the Consolidated Retirement System must be construed in the light of the prior laws (§§ 8–4011 and 17–517 T.C.A.) to mean that such officials and judges would be permitted to join the Consolidated System only in compliance with the provisions of the superseded system under which they applied, i. e., no dual membership or benefits. Construed in pari materia with previous law, the 1973 law permitted admission into the new Consolidated System only upon withdrawal from the superseded system.

In this view of the matter, Chapter 315 of the 1975 Acts was merely a reiteration and clarification of pre-existing law relating to the superseded systems which plaintiffs undertook to join in entering the Consolidated System.

Appellants cite T.C.A. §§ 1–301 and 8–3948 which preserve rights accrued under statutes prior to their repeal.

■ If plaintiffs acquired enforceable rights under the 1973 Act, such rights cannot be abrogated by subsequent legislation; but, as previously pointed out, plaintiffs had no legal right to retain their status as beneficiaries of one public retirement system while acquiring additional rights under another public retirement system based upon the same public service and compensation. Not having the legal rights to do so, plaintiffs could not by any means, payment of money, invitation or acquiescence of public official, or otherwise, acquire such rights to which they were not legally entitled. *Esso Standard Oil Co. v. Evans,* 194 Tenn. 377, 250 S.W.2d 560 (1952).

For the same reason, it cannot be said that plaintiffs obtained any "vested rights" by the payment of any money to the Consolidated Retirement System.

■ It is true, as insisted by appellants, that pension statutes are remedial in nature and are to be liberally construed to effect the purpose intended. The obvious purpose of the Act of 1973 was to permit members of the superseded systems to *transfer* (not duplicate) their pension plan from the old system to the new, and to

permit non-members of the old system to join the new system if they desired to do so. The intent of the 1973 Act was not to enable public employees to draw two pensions for the same time served at the expense of the public.

For the reasons stated, this Court agrees with the holding of the Chancellor in regard to Section 1 of Chapter 315, Public Acts of 1975.

There is no appeal from the Chancellor's ruling as to Sections 5 and 6 of said act favorable to plaintiffs, nor from his ruling as to plaintiffs' rights to refund of monies paid by them.

■ The "standing" of plaintiffs to question Section 7 of Chapter 315, depends upon the existence of rights affected by it. Inasmuch as plaintiffs have not been shown to have vested or enforceable rights in the Consolidated Retirement System at this time and inasmuch as it is not shown that Section 7 will curtail the rights of plaintiffs under the superseded retirement systems, the Chancellor correctly held that plaintiffs have no standing to question Section 7.

■ The foregoing is considered sufficient response to all of the assignments of error except the first which suggests that the decree of the Chancellor excluded plaintiffs from claiming credit in the State retirement system for service credited to them under their local retirement system. This Court does not construe the decree of the Chancellor to rule so specifically upon the rights of plaintiffs.

The Chancellor's decree as affirmed by this Court upholds the constitutionality of Section 1 of Chapter 315 of the Public Acts of 1975. The obvious effect of this ruling is that plaintiffs may not claim rights under two tax-supported pension systems for the same period of service. The act and the Chancellor's decree is silent as to the privilege of *election* as to which pension rights will be claimed and which will be relinquished in compliance with the statute in question.

Specifically, the Chancellor did not decide, and this Court does not at this time decide, whether plaintiffs are privileged to withdraw from one pension system and thereby perfect full rights in the other. It would seem that the pendency of this suit would serve to preserve the rights of plaintiffs to exercise their choice of available pensions.

This Court acts with considerable reluctance and regret in holding that plaintiffs will not be entitled to the duplicate pension rights which were offered erroneously by a State official. Some comfort is found in the assurance that the money paid for rights they may not legally acquire will be refunded to them with interest.

The decree of the Chancellor is affirmed. Costs of this appeal are taxed against appellants.

Affirmed.

SHRIVER, P. J., and DROWOTA, J., concur.