Will Terry ABERNATHY, Noel R.
Bagwell and Henry F. Swann,
Plaintiffs-Appellants,

v.

The TENNESSEE CONSOLIDATED
RETIREMENT SYSTEM and William
M. Leech, Jr., Attorney General of the
State of Tennessee, Defendants-Appel-
lees.

Supreme Court of Tennessee,
at Nashville.

May 31, 1983.

Edward E. Davis, Chattanooga, for plain-
tiffs-appellants.

Thompson & Crawford, Nashville, for de-
fendants-appellees.

OPINION

BROCK, Justice.

This is a declaratory judgment action
brought by retired District Attorneys Gen-
eral to determine certain points of law re-
specting their retirement benefits. They
are dissatisfied with the decree of the Chan-
cellor and have appealed.

In 1953, the Attorneys General Retire-
ment System was enacted by the legislature
pursuant to T.C.A., §§ 8–618 through 8–
622.[1] Under that system, "benefit base" is
defined as follows:

" 'Benefit base' means a sum equal to the
annual salary the retired attorney gener-
al would have received had he continued
in the position from which he retired."
T.C.A., § 8–618(4).

Prior to 1972, the Attorneys General
Retirement System was just one of many
separate retirement systems created by
statute pertaining to state employees and
officials. These systems were separate as
to membership, benefits and coverage.

In 1972, by Chapter 814 of the Public
Acts of 1972, the General Assembly merged
the separate retirement systems into the
Tennessee Consolidated Retirement System
(hereinafter referred to as TCRS). That

1. The statutes establishing the superseded At-
torneys General Retirement System may now
be found in section 2 of the Appendix to Ten-
nessee Code Annotated, Volume 3.

enactment not only transferred members and beneficiaries from the previously established separate retirement systems to the TCRS, but, subject to certain limitations, it also repealed the former statutes that had created those systems. One such limitation provides as follows:

"Any prior class member shall be entitled to benefits under the retirement system determined in accordance with the provisions of the superseded system of which he shall have been a member, as in effect on July 1, 1972, . . . ." T.C.A., § 8–3935(4) (presently codified at T.C.A., § 8–34–703).

Therefore, the rights to benefits that had vested prior to implementation of the TCRS were preserved inviolate.

The appellants are former district attorneys general, all of whom retired on or before August 31, 1974. They have elected to have their retirement benefits computed in accordance with the provisions of the superseded Attorneys General Retirement System as it existed prior to July 1, 1972, when the TCRS was established.

When the appellants retired the statute providing compensation for active district attorneys general contained an escalator clause, as follows:

"On July 1, 1975, with respect to the compensations or allowances fixed in Subsections (b), (c) and (e) of Section 3–114, in Sections 3–115, 8–101, 8–705, and in this section, the compensation or allowance provided in each such section or subsection shall be adjusted to reflect the per cent of change in the average consumer price index (all items—city average) as published by the United States Department of Labor, Bureau of Labor Statistics, between that figure for the calendar year 1974 and the calendar year 1973. Each succeeding July 1, a similar adjustment shall be made, based on the per cent of change in the average consumer price index between the two (2) calendar years preceding July 1 of the year in which the adjustment is made. However, no reduction shall be made by way of adjustment on account of any decrease in the average consumer price index between two (2) successive calendar years. No adjustment based on the per cent of change in the state's per capita personal income from year to year shall be made after July 1, 1974." T.C.A., § 8–23–101(d)(3).

In 1977 the compensation statute for active district attorneys general was amended, to wit:

"No annual adjustment as provided in this subsection shall be made after July 1, 1978, with respect to the base salaries as adjusted fixed for major state officials by subsections (b) and (c) of this section, nor after July 1, 1978, with respect to the base salaries and allowances as adjusted of district attorneys general, fixed by § 8–7–105; . . . ." T.C.A., § 8–23–101(d)(4).

The effect of the amendment was to render ineffective the escalator clause contained in T.C.A., § 8–23–101(d)(3), quoted above.

Appellants urge upon us the proposition that their right to the benefits of the escalator clause contained in T.C.A., § 8–23–101(d)(3), became absolutely vested on the date of their retirement. Furthermore, the appellants contend that any discontinuance of their retirement benefits under the consumer price index escalator clause that is attributable to the 1977 amendment constitutes an unconstitutional impairment of contract obligation.

These same contentions were urged in the Chancery Court for Davidson County before the Honorable Robert Brandt. The Chancellor determined that the appellants did indeed have vested rights, but only in the applicable provisions of the superseded Attorneys General Retirement System. The Chancellor held:

"So the question we have to ask ourselves . . . is what is the right which vested. And in the Court's judgment, the right that was vested in the retired District Attorneys is the right to have their pension benefits based on the definition that—the benefit base based upon the definition of benefit base contained in this action when they retired.

"Now, that definition is that their benefit base will be the salary of active District Attorneys, and that is the right that the District Attorney, the retired District Attorneys have. And that hasn't been changed.

\* \* \* \* \* \*

"So from the constitutional standpoint, the retired District Attorneys have no expectation and no right that they will receive benefits based upon anything other than the salary of active District Attorneys.

"Under the contract theory, the offer is that if you retire, you will receive your benefits based upon the salary of active District Attorneys, whatever that may be. That was accepted. The amount of the salary is a fluctuating condition. It is just as much a fluctuating condition as the amount of the increase in the consumer price index. And if the Legislature raises or lowers the salary, that does not change the offer and acceptance. The offer that the State made to the retiring District Attorneys is your benefits will be based upon the salary of active judges, I mean, active District Attorneys, and that has not been changed. And so the contract has not been breached."

We find no error in the opinion and decree of the Chancellor; accordingly, it is in all things affirmed.

Under either a contract or vested rights theory the appellants are assured "a sum equal to the annual salary the retired attorney general would have received had he continued in the position from which he retired." T.C.A., § 8–618(4). It is undisputed that according to Tennessee law the appellants are entitled to receive pension benefits as set forth in the statute above. *Miles v. Tennessee Consolidated Retirement System,* Tenn., 548 S.W.2d 299 (1977); *Weesner v. Electric Power Board,* 48 Tenn. App. 178, 344 S.W.2d 766 (1961). Application of that statute to the appellants, however, does not trigger the escalator clause of T.C.A., § 8–23–101(d)(3). As previously stated, a 1977 amendment rendered the con-

sumer price index escalator clause of the district attorneys general compensation statute ineffective. If the appellants "had . . . continued in the position from which [they] retired" they would not now be able to claim the benefits of the escalator clause; therefore, by the terms of their pension system, it is illogical to assert that because the escalator was in effect when appellants retired it still applies to them. The appellants acquired vested rights in the provisions of the Attorneys General Retirement System, not the attorneys general compensation statute.

This distinguishes the case at bar from our recent decision in *Felts v. Tennessee Consolidated Retirement System,* Tenn., 650 S.W.2d 371 (1983). In *Felts* we affirmed a decision by the Court of Appeals which stated the following:

"Since *Miles* held that the pension, being an inducement to employment and a part of compensation, becomes a part of the employment contract and since Justice Felts retired in 1965 at the end of his term begun while the escalator was in effect and a part of his contract, he became entitled to the pension benefits set out in Section 17–301 in effect in 1960. The attempted repeal of the escalator in 1963 is unconstitutional as applied to him just as the attempted repeal of the 1970 escalator was unconstitutional as applied to judges who began their term of office in 1974 in *Miles.*" *Felts, supra,* 650 S.W.2d at 374.

Unlike the present case, in *Felts* the escalator clause was an express provision of the Judges Retirement System statute in which Justice Felts had acquired vested rights. The appellants' assertion that they are entitled to the benefits of an escalator clause that is not contained in their retirement system is legally untenable.

If the consumer price index escalator provision of T.C.A., § 8–23–101(d)(3), were still operative then appellants would be entitled to have their pensions calculated accordingly, but only because T.C.A., § 8–618(4), of the superseded Attorneys General Retirement System confers that right. Since the

consumer price index escalator has been rendered ineffective, the appellant's contentions are without merit. Costs incurred in this Court are taxed against the appellants. The decree of the Chancellor is affirmed.

COOPER, HARBISON and DROWOTA, JJ., and HUMPHREYS, Special Justice, concur.