**Harlan MATHEWS, Treasurer of the State of Tennessee, Plaintiff,**

**v.**

**Jill Evans LAWRENCE, Defendant-Appellee**

**and**

**Robert Irvin Lawrence, Administrator of the Estate of Charles Robby Lawrence, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 30, 1985.

Application for Permission to Appeal Denied by Supreme Court, Jan. 27, 1986.

Tommy E. Doyle, Linden, for defendant-appellant.

William P. Sizer, Asst. Atty. Gen., Nashville (W.J. Michael Cody, Atty. Gen. & Reporter, of counsel), for plaintiff.

Douglas Thompson Bates, III, Centerville, for defendant-appellee.

## OPINION

TODD, Presiding Judge.

■ This is an interpleader suit by the State Treasurer to determine the right to receive accumulated retirement contributions held for the benefit of Charles Robby Lawrence who died on April 26, 1984. The defendant, Jill Lawrence, is the former wife of deceased, having been divorced from him on December 6, 1983. The other defendant is the administrator of the estate of deceased.

TCA § 8–36–107 provides in pertinent part as follows:

(a) Upon the death of a member prior to retirement on account of whom no benefit is payable under § 8–36–109 or part 6 of this chapter, the member's accumulated contributions shall be paid to his estate or to such person as he shall have nominated by written designation, duly executed and filed with the board of trustees.

(b) If such member shall have been in service within one hundred and twenty (120) days preceding his death, an additional amount equal to his accumulated contributions shall be paid to his estate or to the person designated to receive his accumulated contributions, provided that no benefit is payable under §§ 8–36–108, 8–36–109 or part 6 of this chapter.

On September 3, 1974, the deceased duly designated Jill Lawrence as the person to receive the accumulated contributions upon his death. The divorce decree subsequently entered on December 6, 1983, incorporated a final property settlement provided:

Each party hereto does hereby release and discharge the other from all obligations of support and from all other claims, rights, and duties, except as hereinabove set out, arising or growing out of said marital relationship, including alimony, etc., and said parties mutually agree that each party hereto may freely sale (sic), or otherwise dispose of his or her property by gift, deed, or last will and testament; and each party is, by these presents, hereby forever barred from any and all claims of rights against the other party, or the property or estate of other party by way of inheritance, descent, distribution, homestead, allowance of one year's support, and other rights or claims whatever in or to the estate of the other, whether real, personal, or mixed, and whether now owned or hereinafter acquired.

The Chancellor determined that the defendant, Jill Lawrence, was entitled to the fund, and the administrator appealed.

The sole issue on appeal is whether Jill Lawrence is entitled to the fund.

Appellant relies upon portions of TCA §§ 36–4–121 and 36–5–101 as follows:

"For purposes of this chapter:

(1) "Marital property" means ... and the value of vested pension, retirement or other fringe benefits rights accrued during the period of marriage."

"(1) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources."

It is true, as insisted by appellant, that retirement benefits are considered marital property to be considered in fixing alimony. *Hensley v. Hensley,* Tenn.App.1981, 631 S.W.2d 131; *Daves v. Daves,* Tenn.App. 1978, 576 S.W.2d 4.

If this suit involved a retirement benefit, the foregoing principles would be applicable. However, the fund before the Court is not a retirement benefit, but a refund of contributions to a retirement fund which refund is available because no retirement benefits were paid. The situation is similar to that which would have arisen if, prior to his death, deceased had withdrawn from the retirement system and exercised his option to withdraw contributions. The payment of such withdrawal would not be a "retirement benefit". It is also analogous to a joint survivor bank account in which the ownership passes to the survivor.

The accumulated contributions of deceased, subject to withdrawal by him, were doubtless "marital property", and subject to consideration in the division of marital property. However, the designation of Jill Lawrence as the survivor to whom refund of contributions should be made created an individual interest which entitled her to payment unless the designation should be revoked.

 Appellant next insists that the property settlement, quoted above, expressly waived the rights of Jill Lawrence to the refund of contributions, citing the following language:

> [E]ach party is ... barred from ... claims ... to the property or estate of the other by way of inheritance ... and other rights or claims ... to the estate of the other ....

The rights of Jill Lawrence as designee of the refund were not rights of inheritance or a claim against the estate of the deceased. Such rights were contractual rights against the Treasurer of the State in favor of a designated third party beneficiary of a contract between the deceased and the State. The fact that the right was subject to termination by cancellation of the designation during the lifetime of deceased does not change the character of the right as to inheritance or claim against estate.

In *Bowers v. Bowers,* Tenn. 1982, 637 S.W.2d 456, the Supreme Court held that a property settlement wherein the wife released decedent from all claims arising out of the marital relationship and waived all other rights not provided for therein did not extinguish the rights of the surviving former wife to the proceeds of life insurance payable to her as designated beneficiary.

In the view of this Court, the status of Jill Lawrence as designated beneficiary of refund of contributions is not materially different from the position of a designated beneficiary of an insurance policy. Accordingly, *Bowers v. Bowers* is deemed to be controlling.

The judgment of the Chancellor is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded for such further proceedings, if any, as may be necessary and proper.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.