**Harlan MATHEWS, Treasurer, State of Tennessee, Plaintiff/Appellee,**

**v.**

**Betty Treherne HARRIS, Co-Administratrix of the Estate of Thelma M. Treherne, et al., Defendants/Appellants,**

**and**

**Joann Haynes Treherne, Defendant/Appellee.**

Supreme Court of Tennessee, at Nashville.

July 14, 1986.

---

1. Rule 41 Tennessee Rules of Civil Procedure     controls the dismissal of civil actions.

Karen Neal, Asst. Atty. Gen., Nashville, for plaintiff/appellee.

Avon N. Williams, Jr., Russell T. Perkins, Ronald W. McNutt, Nashville, for defendants/appellants.

Carlton H. Petway, Nashville, for defendant/appellee.

## OPINION

HARBISON, Justice.

The principal issue in this case is whether under the Tennessee Consolidated Retirement System statutes the designated beneficiary of retirement benefits is entitled to priority over a non-designated surviving spouse where the employee died after July 1, 1980. The Chancellor gave priority to the designated beneficiary. The Court of Appeals reversed. After careful consideration we are of the opinion that the Chancellor was correct, and his judgment is reinstated.

There is no dispute as to the material facts. The employee whose retirement contributions and benefits are at issue was Dr. Alfred Treherne. He became a member of the retirement system in 1947 and at that time designated his wife, Thelma M. Treherne as his beneficiary. On February 22, 1965 he executed another form again naming his wife as beneficiary. He made no subsequent designations. The designation form was exhibited at the trial. In it, any previous designations were cancelled, and Mrs. Treherne was designated:

"... as the beneficiary to whom I request the Retirement Board of the Tennessee State Retirement System to pay in the event of my death before retirement the total amount of the accumulated contributions and allowable interest standing to my credit in the Retirement System."

The form continued:

"I hereby authorize the Retirement Board of the Retirement System to make payment to the beneficiary whom I have above nominated and agree on behalf of myself and my heirs and assigns, that payment so made shall be a complete discharge of the claim and shall constitute a release of the System from any further obligation on account of the benefit."

There were further provisions for distribution of the benefits if the named beneficiary should die first or if Dr. Treherne should leave the employ of the State before retirement.

Dr. Treherne and Thelma M. Treherne were married in November 1940. They were divorced by decree of the Fourth Circuit Court of Davidson County, Tennessee on June 22, 1982. On July 30, 1982 Dr. Treherne married JoAnn Haynes Treherne, and she was his legal surviving spouse

when he died on September 22, 1982. She filed his will for probate and initially qualified as Administratrix c.t.a. Later, she dissented from the will, and other personal representatives were named to administer the estate.

On November 22, 1982 Mrs. Thelma M. Treherne filed a claim with the Tennessee Consolidated Retirement System for refund of the accumulated contributions of Dr. Treherne and for other benefits related thereto. Since this claim showed that she was the former spouse of Dr. Treherne, officials of the System made inquiry into the proper recipient of the benefits and consulted with the office of the State Attorney General.

In connection with the divorce of Dr. Treherne and his former spouse, a detailed property settlement agreement had been entered into and incorporated into the final decree. Since this contained a complete waiver of any rights of either spouse against the other, officials of the Retirement System were concerned as to the continuing validity of the 1965 beneficiary designation and as to the possible effect of the divorce and property settlement thereon.

As a result the Attorney General filed this action on behalf of Harlan Mathews, State Treasurer, as an interpleader. The retirement contributions of Dr. Treherne, with interest and with an equal amount added from the State as provided in T.C.A. § 8–36–107(b), in the total amount of $30,-366.34, were paid into the registry of the Chancery Court. Thelma M. Treherne and JoAnn Haynes Treherne were made parties for the purpose of determining the proper recipient of these funds.[1]

At no time prior to the filing of the interpleader had JoAnn Haynes Treherne filed a claim with the Retirement System as surviving spouse. She did respond to the interpleader action and made claim to the funds on the sole ground that the terms and provisions of the property settlement

agreement had the effect of vitiating the 1965 designation of beneficiary.

On the authority of *Bowers v. Bowers,* 637 S.W.2d 456 (Tenn.1982) the Chancellor held that the previous designation was not affected by the subsequent divorce proceedings which made no reference to it. We concur in that conclusion for the reasons stated in that opinion, which dealt with the designation of a beneficiary on a policy of life insurance.

Although not ever asserted in her pleadings, the basic claim of JoAnn Haynes Treherne was predicated at trial and on appeal upon the language of T.C.A. § 8–36–109(a) dealing with benefits to a surviving spouse. The Chancellor held that the surviving spouse received benefits only if she were designated as beneficiary by the deceased employee. The Court of Appeals reversed and construed the section as giving automatic benefits to the surviving spouse, regardless of any prior designation, and even though she was not herself designated.

In our opinion the provisions of T.C.A. § 8–36–109(a) were not those under which any surviving spouse of Dr. Treherne would be entitled to make a claim. The provisions of that subsection were part of the original Tennessee Consolidated Retirement System statute, 1972 Tenn.Pub. Acts, Ch. 814, § 5.

Subsection (b) of T.C.A. § 8–36–109, however, was enacted as part of 1980 Tenn. Pub. Acts, Ch. 654, § 7. It became effective on July 1, 1980. It was the provision which was in effect at the time of the marriage of Dr. Treherne to JoAnn Haynes Treherne on July 30, 1982, and of course was in effect when Dr. Treherne died on September 22.

The provisions of T.C.A. § 8–36–109(a) were superseded by the broader and more liberal benefits provided in the 1980 statute which added subsection (b), except for employees of political subdivisions whose governing bodies elected not to accept the newer provisions. Dr. Treherne, of course,

---

1. While these proceedings were pending in the trial court, Mrs. Thelma M. Treherne died. The action was revived in the name of her personal representatives.

was not an employee of a political subdivision but was an employee of the State, and state employees were placed under the broader benefit provisions. The following portion of subsection (b) retained the benefits of subsection (a) in force and effect only for employees of certain political subdivisions. It provides as follows:

(4) The provisions of this subsection (b) shall not apply to members in the employ of a political subdivision unless the governing body of the political subdivision authorizes by resolution and accepts the liability therefor. Should the governing body of a political subdivision elect not to accept the liability for its employees to receive a survivor's benefit in accordance with this subsection (b), a survivor's benefit shall be paid in accordance with subsection (a) above.

The benefits allowed to surviving spouses under subsection (b) were twice as great as those under the older statutory provisions contained in subsection (a). Subsection (b) clearly provides, however:

"Upon the death of a member in service who has completed ten (10) years of creditable service, a retirement allowance shall be paid to his surviving spouse, if any, *if the spouse is designated as beneficiary*." (Emphasis added).

Since Mrs. JoAnn Haynes Treherne was never so designated, it is clear that she is not entitled to claim any survivor's benefits under subsection (b). This was the only survivor's benefit in force and effect at the time of the death of her husband which had any application to her or to state employees in the status of Dr. Treherne.

Mrs. Thelma M. Treherne was the properly designated beneficiary to receive accumulated retirement contributions and supplemental benefits incidental to a lump-sum award pursuant to T.C.A. § 8–36–107. No other benefits were payable to anyone else under any of the related sections. Therefore the Chancellor correctly awarded the benefits to her.

The judgment of the Chancery Court is reinstated. Costs of these proceedings will be paid out of the funds on deposit in the Chancery Court, and the cause is remanded to that court for any further proceedings which may be necessary.

BROCK, C.J., and FONES, COOPER and DROWOTA, JJ., concur.