Harlan MATHEWS, Treasurer of the
State of Tennessee, Plaintiff,

v.

Mary J. BURKEENS,
Defendant–Appellant,

v.

Ruth BURKEENS, Intervenor–Appellee.

Supreme Court of Tennessee,
at Jackson.

Dec. 19, 1988.

Jim Sanderson, James T. "Jim" Sanderson & Associates, Bolivar, for defendant-appellant.

Bolton, Bryant & Gray, Selmer, for intervenor-appellee.

W.J. Michael Cody, Atty. Gen. and Reporter, Charles L. Lewis, Deputy Atty. Gen., Pamela Bingham Broussard, Asst. Atty. Gen., for plaintiff.

OPINION

COOPER, Justice.

This is an interpleader suit brought by the State Treasurer to determine whether a deceased's estate or his former wife is entitled to approximately $20,000 in his retirement fund account. The chancellor found that the former wife was entitled to the account. The Court of Appeals reversed and awarded the funds to the administrator of the estate.

The principal issue presented by this appeal is whether this case is governed by the provision of T.C.A. § 8–3426, now repealed, automatically cancelling the beneficiary designated by a member of the old Tennessee Retirement System upon the member's divorce from the designated beneficiary.

The facts were stipulated by the parties. The stipulations show that Robert Burkeens was an employee of the Tennessee State Highway Department from April 18, 1961, until his death on January 4, 1985. On the date of his employment he became a member of the Tennessee State Retirement System for state employees. Burkeens designated his wife, Mary Burkeens, the beneficiary of his accumulated contributions if he should die before retiring. In 1971 he separated from Mrs. Burkeens, and on June 14, 1984, Burkeens was granted an absolute divorce from his wife. From the time of the separation until his death, Mr. Burkeens lived with his mother, Ruth Burkeens, who is the sole heir-at-law of her son's estate.

The record reveals that both Mary Burkeens and Ruth Burkeens have filed claims for the refund of Robert Burkeens' accumulated contributions to the system. The State Treasurer filed this bill of interpleader, naming as defendants Mary Burkeens and the deceased's brother, who was administrator of Burkeens' estate. Ruth Burkeens was allowed to intervene.

Like the facts, the history of the law involved in this case is not in dispute. When Robert Burkeens first came under the State Retirement System, the provision governing the payment of accumulated contributions in case of death prior to retirement, T.C.A. § 8–3426, provided in part:

Should a member die at any time before retirement, the amount of his accumulated contributions ... shall be paid to such beneficiary, if any, as he shall have nominated by written designation, signed and acknowledged by such member before some person authorized to take acknowledgments, and filed with the board; otherwise to his executor or administrator. Any beneficiary so designated may be changed by written designation, signed, acknowledged and filed as aforesaid.

Chapter 347, § 5, of the Public Acts of 1967 added the following two sentences to the portion of T.C.A. § 8–3426 just quoted:

In the event of marriage, divorce or remarriage of a member the designated beneficiary is automatically canceled. Thereafter, the member may rename a beneficiary.

In 1972, the General Assembly repealed the code provisions concerning the various retirement systems for state employees and officials and enacted the Tennessee Consolidated Retirement System (TCRS). The provision of the TCRS providing for lump sum benefits when a member dies before retirement contains no automatic cancellation provision in the event of a member's divorce from a beneficiary. *See* T.C.A. § 8–36–107(a).

Ruth Burkeens contends that the 1967 provision for automatic cancellation applies in this case because it was a "right, benefit and privilege" provided by the old system which could not be "restricted, limited or terminated" by the 1972 Act establishing the TCRS. Burkeens relies on Section 11 of Chapter 814 of the Public Acts of 1972, codified in 1973 as T.C.A. § 8–3935(4), which reads as follows:

Rights of prior class members preserved. All prior class members of any retirement system abolished or merged into the Tennessee consolidated retirement system and their beneficiaries shall be entitled to all of the rights, benefits and privileges provided in the system so abolished or merged, including any salary prescribed by law to take effect on the date of establishment, and nothing in the present chapter shall be construed to restrict, limit or terminate any provisions of any law providing such rights, benefits and privileges under such former systems.

Sections 8–34–702 and 703 presently preserve prior rights under the superseded retirement systems:

*8–34–702. Rights, benefits and privileges of members and beneficiaries of superseded systems.*—Each and all of the sections and chapters repealed by § 8–34–701 will remain in full effect for the purpose of defining rights, benefits and privileges preserved under § 8–34–703.

*8–34–703. Rights of prior class members preserved.*—Any prior class member shall be entitled to benefits under the retirement system determined in accordance with the provisions of the superseded system of which he shall have been a member, as in effect on July 1, 1972, with the following modifications:

\*     \*     \*     \*     \*     \*

[None of the modifications are applicable to the present case.]

As stated earlier, the trial court found for Mary Burkeens, the former spouse. The Court of Appeals reversed. It reasoned that the provision creating automatic cancellation of a beneficiary in the event of a divorce "had the effect of bestowing a 'benefit' upon the members of that system as it then existed. The force and effect of the refund statute protected the members

of the system against failure on their part, whether by inadvertence, neglect or delay, to change their designated beneficiaries when a divorce, marriage or remarriage altered a personal relationship. It is both plausible and logical that employees of the State would intend or desire to provide for new family members when a divorce, marriage or remarriage took place." The court stated that upon the divorce and automatic revocation of the beneficiary designation Robert Burkeens "had the privilege of renaming a beneficiary."

In its opinion the Court of Appeals makes no mention of this Court's decision in *Mathews v. Harris*, 713 S.W.2d 311 (Tenn.1986), and the decision of the Court of Appeals in *Mathews v. Lawrence*. Mary Burkeens and the State, which has filed an "answer" in support of Mary Burkeens' application to this Court, argue that the decision of the Court of Appeals in this case "represents a marked deviation" from and directly conflicts with these two prior cases. Actually the present case does not openly conflict with these two decisions.

In *Mathews v. Lawrence*, 703 S.W.2d 156 (Tenn.App.1985), the State filed an interpleader suit, as here, to determine whether a deceased's former wife or his estate was entitled to receive the deceased's accumulated retirement contributions. There was no mention made as to whether the deceased had been a member of any state retirement system superseded by the TCRS. The deceased had designated his former wife as his beneficiary on September 3, 1974, but the opinion does not state whether this was the date of his employment by the State or the date of his marriage to his former wife or a date of any significance outside the fact of designation.

The Middle Section of the Court of Appeals held that the designation of the former spouse as the beneficiary to whom refund of the contributions should be made created an individual interest which entitled her to payment unless the designation was revoked. The status of the former wife as designated beneficiary was not, the court stated, materially different from that of a designated beneficiary of an insurance policy so that a provision in the property settlement agreement barring each party from claims to the property or estate of the other by way of inheritance and from other rights or claims to the other's estate did not extinguish her rights to the contributions. Thus, while *Lawrence* stated the general rule that under the present retirement system divorce without something more would not automatically revoke the designation of a beneficiary, *Lawrence* did not expressly concern the situation involved here, that of an employee allegedly covered by a superseded system.

In *Mathews v. Harris*, 713 S.W.2d 311 (Tenn.1986), however, the deceased employee had apparently been a member of a superseded system. The employee had become a member of the retirement system in 1947, when he had designated his wife as his beneficiary. In 1965 he had executed a second form naming his wife as beneficiary. He made no subsequent designations. The employee and his wife were divorced in 1982 and a month later the employee remarried. This second wife was his legal surviving spouse when he died a short time later. The State Treasurer filed a suit for interpleader to determine the proper recipient of the funds. The second wife argued that the terms and provisions of the property settlement agreement between her husband and his former wife vitiated the 1965 designation of beneficiary. Relying on *Bowers v. Bowers*, 637 S.W.2d 456 (Tenn.1982), the same case cited by the Court of Appeals in *Lawrence, supra*, this Court stated that as in the case of the designation of a beneficiary on a life insurance policy, the previous designation was not affected by the subsequent divorce proceedings which made no reference to it.

A second issue in *Harris* involved the second wife's entitlement to benefits as a surviving spouse under T.C.A. § 8–36–109. Since the benefits were only payable if the spouse was designated as beneficiary, the Court held that the second wife was not entitled to survivor's benefits. As can be seen, there was no assertion in *Harris* that the deceased was still covered by a superseded system at the time of his death so

that the issue raised here was never discussed by the Court in *Harris*.

Ruth Burkeens' claim is primarily based upon the statutes preserving her son's "rights, benefits and privileges" under the superseded system. These statutes, however, preserved the rights only of "prior class members." In the record there is no proof that Robert Burkeens was a "prior class member" as that term is meant under §§ 8–34–702, 8–34–703, and 8–3935(4).

T.C.A. § 8–34–129 defines a prior class member as

a member who, on the day preceding the date of establishment [of the TCRS], shall have been a member of a superseded system and who elects to remain covered by the benefit and contribution provisions of the superseded system, or who fails to elect to become covered by the benefit and contribution provisions of the retirement system applicable to new employees, as the case may be, in accordance with the provisions of chapter 35, part 1 of this title.

Under T.C.A. § 8–35–106(a) a Class A member of the superseded Tennessee state retirement system immediately became a Group I member of the TCRS unless within ninety days after July 1, 1972, or within ninety days of his return to service if he was on leave of absence or otherwise not in service on July 1, 1972, he elected on a prescribed form to remain covered by the benefit and contribution provisions of the superseded system of which he was a member. Section 8–35–106(b) provides that a member making this election was classified as a prior class member "subject to the provisions of §§ 8–34–602(e), *8–34–703*, 8–34–706 and 8–34–712." (Emphasis supplied.)

Class B and Class C members of the state retirement system became prior class members without election. Instead they had to elect to become members of the TCRS. There is no proof as to which class Robert Burkeens belonged. Neither is there any proof that Burkeens either made or did not make an election to become a member of the TCRS.

Apparently no one questioned Burkeens' status as a prior class member in either the trial court or the Court of Appeals. Consequently, the Court of Appeals considered the issues on the basis that Mr. Burkeens was a prior class member and, as such, was entitled to the "rights, benefits or privileges" provided in the prior Act, of which they found the automatic cancellation of beneficiary provision was one.

We see no reason at this time to remand the case for a determination of whether Robert Burkeens was a prior class member. The outcome of the case would be the same whether he was a prior class member or not, for in our opinion the automatic cancellation of beneficiary provision is not a protected "right, benefit or privilege." We view the provision as essentially an administrative provision unprotected against change.

While there are no cases in this state defining generally what is a "right, benefit or privilege" under the retirement statutes or under the constitution, there are cases where a prior benefit or interest has been held to be unaffected by the consolidation of the several state retirement systems into the Tennessee Consolidated Retirement System. In *Abernathy v. Tennessee Consolidated Retirement System*, 655 S.W.2d 143, 145 (Tenn.1983), this Court found that retired district attorneys general had vested rights under § 8–34–703 to have their pension benefits based on the definition of benefit base in the superseded system at the time of retirement. This Court stated that under § 8–3935(4), now § 8–34–703, the rights that had vested prior to implementation of the TCRS were preserved inviolate. (It is also notable that all the district attorneys in *Abernathy* had elected to have their retirement benefits computed under the superseded system, *i.e.*, were "prior class members.") *See also Felts v. Tennessee Consolidated Retirement System*, 650 S.W.2d 371 (Tenn.1983) (former justice of the Tennessee Supreme Court had a vested right in the benefit base in effect at the time of his retirement including an escalator provision in the superseded system). The preserved right in *Abernathy* and *Felts* was to a certain amount of

compensation. In *Roberts v. Tennessee Consolidated Retirement System*, 622 S.W.2d 544 (Tenn.1981), this Court held that the General Assembly could not constitutionally change the retirement acts so as to adversely affect "credits, rights and benefits *accrued as the result of and attributable to years of service* rendered prior to the effective date of such changes." [Emphasis supplied.]

The automatic cancellation of beneficiary provisions of the prior retirement Act is not a benefit or right which accrued as the result of or was attributable to years of service. Robert Burkeens had no vested legal right to have his beneficiary designation automatically cancelled so that if the General Assembly had repealed only that provision of the statute and not the entire retirement system Burkeens could have insisted on automatic cancellation upon his divorce if he were still alive. *Cf. Bates v. Tennessee Consolidated Retirement System*, 563 S.W.2d 192 (Tenn.App.1977). Burkeens had no right in that provision of the retirement system so as to render it immutable and beyond amendment. *Cf. Blackwell v. Quarterly Court of Shelby County*, 622 S.W.2d 535, 542 (Tenn.1981). Therefore, to call automatic cancellation of the designated beneficiary a "benefit" and redesignation of a beneficiary a "privilege" under the Act, as the Court of Appeals has done, is in our opinion a misinterpretation of these words as they are meant in the statutes or are commonly defined in constitutional law. And even taken in their common meaning, while automatic cancellation might "benefit" some members of the retirement system it might as easily inconvenience others who for whatever reason might not wish to change beneficiaries upon a change in marital status. The "privilege" of redesignation would be a burden to those members who never intended a change. In other words, the cancellation of beneficiary provision of the prior Act is a neutral administrative provision unprotected from change and unentitled to be considered a right capable of vesting.

We hold therefore that the automatic cancellation of beneficiary provision of the prior retirement system set forth in T.C.A. § 8–3426, since repealed, is not such a right, benefit or privilege that is protected under T.C.A. § 8–34–702 or § 8–34–703 and carried forward into the Tennessee Consolidated Retirement System. The distribution of lump sum death benefits due a member of the Tennessee Consolidated Retirement System, whether a prior class member or not, is controlled by T.C.A. § 8–36–107, which provides that the benefits be paid to the properly designated beneficiary, or to the member's estate in the event there are no surviving designated beneficiaries. There is no provision in the Tennessee Consolidated Retirement System for the automatic cancellation of a designated beneficiary other than for death. *See* T.C.A. § 8–36–107.

Mary J. Burkeens was properly designated as the beneficiary to receive the accumulated retirement benefits on the death of Robert Burkeens. The designation was never revoked. It follows that Mary J. Burkeens is entitled to receive the accumulated retirement benefits. *Mathews v. Harris*, 713 S.W.2d 311 (Tenn.1986); *Mathews v. Lawrence*, 703 S.W.2d 156 (Tenn. App.1985).

The judgment of the Court of Appeals is reversed. The judgment of the Chancery Court of McNairy County awarding Mary J. Burkeens the retirement funds contributed to the Tennessee Consolidated Retirement System by Robert Dwayne Burkeens, deceased, is affirmed. Costs incident to the appeal in this case will be paid by Ruth Burkeens and her surety, if any.

HARBISON, C.J., and FONES, DROWOTA and O'BRIEN, JJ., concur.