IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 18, 2006 Session

## BRUCE E. SHELL, Executor of the Estate of JEFFREY MICHAEL MURPHY, v. GINGER DILLS

Direct Appeal from the Chancery Court for Union County
No. 4837    Hon. Billy Joe White, Chancellor

---

No. E2005-02636-COA-R3-CV  - FIELD NOVEMBER 6, 2006

---

In a dispute over death benefits from employer, the Trial Court held designated beneficiary who later divorced decedent, was entitled to benefits rather than the Estate.   We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Dan D. Rhea, Knoxville, Tennessee, for appellant.

David H. Stanifer, and Lindsey Cole, Tazewell, Tennessee, for appellee.

### OPINION

The Executor of the Estate of Jeffrey Michael Murphy, filed a Complaint against Ginger Dills, Murphy's former spouse, seeking reimbursement to the Estate for a death benefit Dills received from Murphy's employer, the Knox County School Board, after Murphy's death.

The Complaint alleged that Dills had been named beneficiary of Murphy's death benefits during their marriage, and that after their divorce in 1989, Murphy had inadvertently failed to change the beneficiary designation. Further that Murphy had remarried and had a child with his new wife, and that said wife and child were his natural and testamentary beneficiaries at the time of his death.

Dills Answered, and admitted that she had received the funds, as designated beneficiary, and that she was entitled to the funds. Plaintiff then filed an Amended Complaint, setting forth that Murphy and Dills had entered into a Marital Dissolution Agreement which provided in pertinent part:

> It is mutually understood and agreed by and between the parties hereto that this is a complete and final Marital Dissolution Agreement between them; and that in the event a divorce is granted, neither of them will ever hereafter have any property claims whatsoever against the other, except as provided for and described herein.

At trial, the parties stipulated that Murphy worked for the Knox County School System in the maintenance department beginning in 1987, and that he participated in the System's retirement plan, and that a certain amount of money was withheld from Murphy's paychecks and put in the plan. It was further stipulated that Murphy had died in October 2004.

It was further stipulated that Murphy had remarried, and that his wife had a child from a previous relationship that was 13, and she and Murphy had a child together who was 6. The parties stipulated that Murphy was married to Dills from 1985 to 1988, and that he had designated Dills, who was his wife at the time, as beneficiary. The Marital Dissolution Agreement was stipulated into evidence, and the parties stipulated that Murphy never changed the beneficiary designation. Also stipulated into evidence was The Application of Member for Refund of Defined Benefit Contributions, which was signed by Dills, and excerpts from the System's retirement plan were also entered into evidence.

At the conclusion of the trial, the Court ruled in defendant's favor, stating the case was controlled by the Supreme Court's decision in *Bowers v. Bowers*, 637 S.W.2d 456 (Tenn. 1982).

On appeal, these issues are presented:

1. Whether the "designated beneficiary" rule controlling the distribution of proceeds payable at death under a contract with a third party overrides the claimed continuing obligations of the deceased's divorced spouse to refrain from claiming the property of the decedent under their marital dissolution agreement?

2. Whether a formal claim by the divorced spouse of a decedent for a refund of pension plan contributions made by the decedent during his lifetime, pursuant to the decedent's pre-divorce designation of that spouse as his pension plan beneficiary, violated the divorced spouse's promise in the marital dissolution agreement that "neither of them will ever hereafter have any property claims whatsoever against the other"?

Plaintiff argues that when Dills filled out the Application of Member for Refund of

Defined Benefit Contributions, she violated her continuing obligation under the MDA to refrain from making any property claims against the husband. Plaintiff argues that *Bowers* and its progeny are not dispositive, because in those cases, the MDA did not contain an obligation of future conduct after the divorce, as found in this MDA. Further, that this situation should be regarded as a property claim by Dills against Murphy.

The body of case law applicable to this controversy arose in the seminal case of *Bowers v. Bowers*, 637 S.W.2d 456 (Tenn. 1982). In that case, the decedent's sister brought an action on behalf of his children against his former wife seeking the benefits from a life insurance policy which named his former wife as beneficiary, even though the parties had divorced. The trial court awarded the proceeds of the policy to the former wife as named beneficiary, and the Supreme Court affirmed, and quoted with approval the dissenting opinion in the Court of Appeals written by Judge Cantrell, which stated:

> Being a beneficiary of the life insurance of her ex-husband was not a "property right", a result of an "obligation to support a wife", a "right", or "a claim" which was waived and relinquished by the property settlement agreement. The husband was under no duty by law or contract to have life insurance in the first place or to designate the defendant as the beneficiary of it; he could have changed the beneficiary at any time without encountering any of the defendant's rights; she simply had no claim with respect to the life insurance. Therefore the terms of the property settlement agreement do not affect the life insurance policy at all.

*Id*. at 457-458.

The Supreme Court also quoted with approval from the Ohio case of *Hergenrather v. State Mutual Life Assurance Co. of Worcester*, 68 N.E.2d 833 (Ohio Ct. App. 1946), which stated:

> The right of the wife to recover the proceeds of the policy does not hinge on the existence of a relationship of husband and wife, but rather on the well established principles of contract law . . .. Her right did not arise out of the relation of husband and wife. True, she was his wife at the time the policy was issued and this fact undoubtedly was the reason why she was named as beneficiary, but her property interest in the policy did not arise out of the marriage relation.

*Id*. at 458-459.

The Supreme Court thus concluded that the property settlement agreement and divorce had no force or effect on the life insurance policy, and that the former wife should receive the proceeds.[1]

---

[1]The Property Settlement Agreement incorporated in the Divorce Decree released the husband from all claims arising out of the marital relationship, and waived any of the rights not

The deceased's agreement with his employer in the Knox County Employee Benefits System provides in pertinent part:

**Definitions, Beneficiary:**

Beneficiary shall mean a recipient or recipients last designated by a Participant in writing on forms provided by the Board, who **shall** receive any benefits payable under the System upon the death of the Participant . . . (emphasis added).

**Death Benefits Before Retirement**

Upon the death of any Employee who is a Participant, a pre-retirement death benefit equal to the amount of group term life insurance provided and paid for by Knox County shall be paid to his Beneficiary. This provision shall remain in effect so long as the County of Knox elects to provide such coverage to the extent required by law.

. . .

If the death of a vested Participant occurs prior to such time that he could have immediately received a benefit in accordance with Subsection III-4.02 [normal retirement] or III-4-.03 [early retirement] the surviving Beneficiary shall be eligible to receive a benefit equal to the contributions with which the Participant has been credited in his Individual Retirement Contributions account, as referenced in Subsection III-3.04 Accounts, herein, accumulated with interest at the rate of three percent (3%) compounded annually plus an equivalent amount representing what would have been a matching contribution made by the Employer accumulated with interest at the same rate through the date of death.

While plaintiff argues that the *Bowers* case was purely an insurance claim, which is not the exact nature of the benefit here, *Teachers Insurance & Annuity Assoc. v. Harris*, 709 S.W.2d 592 (Tenn. Ct. App. 1985), involved a situation similar to the case before us regarding a retirement annuity that provided death benefits.[2] The first wife was named as beneficiary on decedent's

_____

provided for therein.

[2]The Divorce Decree in *Harris,* provided:

It is agreed by the parties that this Agreement shall be a final settlement of the property rights of the respective parties, and it is a full discharge of Husband from all other claims arising out of the marital relationship, that each party hereby waives and relinquishes to the other party all rights or claims which he or she may have or hereafter acquire under the law of any jurisdiction to the other's property, including

retirement annuity, who remarried.

The *Harris* Court held that *Bowers* controlled in that case as well, since the divorce and the property settlement agreement had no effect on the beneficiary designation, and there was no material distinction between annuity agreements and a life insurance policy. *Id*. at 595.

In the case of *Mathews v. Harris*, 713 S.W.2d 311 (Tenn. 1986), the contending parties were seeking the decedent's state employee retirement fund, who had named his ex-wife as beneficiary. The Chancellor awarded the retirement benefits to the ex-wife, and this Court reversed. However, the Supreme Court reversed the judgment of this Court, and reinstated the Chancellor's judgment, relying on the *Bowers* decision.

The *Harris* Opinion out of the Supreme Court recites that the decedent became a member of the retirement system in 1947, and named his then-wife as his beneficiary. In 1965, he executed another form, again naming his wife as beneficiary. He then divorced his first wife in 1982, and remarried in July 1982 and soon thereafter died.

After his death, the ex-wife filed a claim with the TCRS for a refund of the accumulated contributions of decedent. Since the ex-wife and the deceased had a property settlement agreement which contained a waiver of any rights of either spouse against the other, the retirement system filed an interpleader action, and the trial court ruled that the beneficiary designation was not affected by the subsequent divorce proceedings which made no reference to the fund. The Supreme Court affirmed the Trial Judge.

Plaintiff further argues that this case should be distinguished from *Bowers* and its progeny because the parties' MDA contains a "continuing" obligation of "future" conduct, and thus the wife's contractual obligation to refrain from making a claim should be enforced such that she could not accept a refund of contributions made by the husband.

Considering the language contained in the various agreements, however, this is a distinction without a difference. In *Bowers*, the parties simply agreed to relinquish "to the other any rights or claims not provided for herein", and the Court held that the beneficiary of a life insurance policy was not a "right" or a "claim" and did not necessarily arise out of the marriage relationship. In the *Harris* cases, the agreement was much more comprehensive, and stated that each party waived and relinquished "all rights or claims which he or she may have or hereafter acquire under the law of any jurisdiction to the other's property", and went on to state that it applied to property currently

---

without limitation, dower, curtesy, [sic] statutory allowance, homestead rights, right to take against the will of the other, inheritance, descent or distribution, and the right to act as administrator or executor of the other's estate. This instrument applies to all property now owned by the parties, either jointly or individually, or any property which either of them may acquire in the future.

owned or later acquired. The *Harris* agreement explicitly contemplates current and future claims to current and future property. The *Harris* agreement states the same obligation that is in the MDA before us in a different way, i.e. the obligation to refrain from making future claims to the other's property.

Next, plaintiff argues that this case is distinguishable because it does not deal with a life insurance policy or other benefit that is payable only upon death, but rather involves money that decedent earned and contributed to the retirement plan. Once again, this is the factual situation as we noted in *Mathews v. Harris*, 713 S.W.2d 311 (Tenn. 1986). In *Harris,* decedent had designated his then-wife to receive the benefits which the system provided, i.e., to pay her, "in the event of my death before retirement the total amount of the accumulated contributions and allowable interest standing to my credit in the Retirement System." The *Harris* opinion states that after his death, his ex-wife filed a claim for a "refund" of decedent's "accumulated contributions", and the Supreme Court held that the beneficiary designation was not affected by the subsequent divorce proceedings nor the parties' property settlement agreement waiving future claims.

We find no basis to distinguish the precedents in the *Bowers* and its progeny from the facts of this case. We are therefore constrained to affirm the Judgment of the Trial Court.

For the foregoing reasons, the Judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to the Estate of Jeffrey Michael Murphy.

_____
HERSCHEL PICKENS FRANKS, P.J.