**Robert H. ROBERTS, et al., Plaintiffs-Appellees,**

v.

**The TENNESSEE CONSOLIDATED RETIREMENT SYSTEM, et al., Defendants-Appellants.**

Supreme Court of Tennessee, at Nashville.

Oct. 26, 1981.

W. Ovid Collins, Jr. and Thomas A. Higgins, Nashville, for defendants-appellants.

Val Sanford and Wesley D. Turner, Nashville, for plaintiffs-appellees.

OPINION

HARBISON, Chief Justice.

The administrators of the Tennessee Consolidated Retirement System appeal a decision of the Chancellor holding that Sections 5, 6 and 7 of Chapter 315 of the Public Acts of 1975[1] could not be constitutionally applied to the retirement benefits of two former Assistant Attorneys General of the State. The basis of this holding was that each of these individuals had more than the minimum years of creditable service to be eligible for a retirement pension on the effective date of the statute, and one of them had also attained the requisite minimum age for retirement.

Since this case was tried and while it was pending on appeal this Court rendered its decision in the case of *Blackwell et al. v. The Quarterly County Court of Shelby County, Tennessee, et al.,* 622 S.W.2d 535,

---

1. Now codified as portions of T.C.A. §§ 8-34-703, 8-34-713 and 8-36-102.

released for publication on September 21, 1981. There the Court adopted the so-called Pennsylvania rule with respect to alterations in retirement pension plans for public employees. The Court held that a public employer could make changes in such a plan when reasonably required for the fiscal integrity of the plan, even though such changes were detrimental to the beneficiaries of the plan, "provided that no such modification can adversely affect an employee who has complied with all conditions necessary to be eligible for a retirement allowance."

Appellants conceded at oral argument that the decision in the *Blackwell* case is determinative as to appellee Byers, who on the date of the amendment involved here had attained both the age and the period of service requisite for a pension. They insist, however, that as to appellee Roberts, who had not reached retirement age, *Blackwell* is not controlling.

The Court held in that case that adverse changes in the benefit base could not be applied to employees who, as of the effective date of the amendment, had the minimum requisite years of creditable service under the plan even though they could not actually begin drawing benefits until they attained age sixty. The right to a retirement pension was deemed to have become fixed at the expiration of the minimum period of service, even if the employee left the system and even though the actual receipt of a pension was deferred until his sixtieth birthday.

We adhere to that holding and find it to be determinative of the rights of appellant Roberts in the present case. On the effective date of the 1975 amendment, he had enough years of service to be eligible for a retirement allowance. The Pennsylvania rule does not require that the employee actually retire or attain retirement age in order to be protected against changes which adversely affect credits, rights and benefits accrued as the result of and attributable to years of service rendered prior to the effective date of such changes.

Appellants further contend that Roberts acquiesced in the 1975 amendment and is therefore precluded from challenging it. The evidentiary record does not support this contention.

Accordingly the judgment of the Chancellor as to both appellees is affirmed. The cause is remanded to the trial court for the entry of any further orders which may be necessary. Costs are taxed to appellants.

FONES, COOPER, BROCK and DROWOTA, JJ., concur.