**Philip W. FELTS, Administrator of the Estate of Sam L. Felts, Deceased, and Jane J. Felts, Plaintiffs-Appellees,**

v.

**TENNESSEE CONSOLIDATED RETIREMENT SYSTEM, et al., Defendants-Appellants.**

Supreme Court of Tennessee.

May 2, 1983.

Robert B. Littleton, Sp. Deputy Atty. Gen., Nashville, for defendants-appellants; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

William W. Berry, Jr., Nashville, for plaintiffs-appellees; Bass, Berry & Sims, Nashville, of counsel.

## OPINION

BROCK, Justice.

Justice Sam L. Felts, a former member of this Court, died in 1977, having retired from the bench on January 1, 1965, after a long and illustrious career as a judge of the Circuit Court, a judge of the Court of Appeals, and a justice of the Supreme Court of Tennessee. This action was brought by the administrator of his estate and by his widow to determine the correct amount of the benefits due to him during his lifetime fol-

lowing retirement and to his widow following his death, under the various applicable statutes. After this case was argued and submitted to the Court, Jane Felts, the widow of Justice Felts, died on August 20, 1982, and the action, insofar as it related to her, was revived in the name of Philip W. Felts, executor of the estate of Jane J. Felts, as substituted party plaintiff.

When Justice Felts became a member of this Court in 1960 his pension rights were defined by T.C.A., § 17–301, which, at that time, provided:

*"Full pension retirement.*—Any judge of a court of record in this state, at the time in office, whose salary for his judicial services has been paid, during the period of his service, wholly from the treasury of the state and who has .been ‑a judge of that court or of that and other courts of record for twenty-four (24) years and has reached the age of sixty-five (65) years or has so served for twenty (20) years and has reached the age of seventy (70) years, may, upon complying with the other requirements hereinafter set out, apply for retirement and be retired under the provisions of this chapter and shall thereupon be entitled to receive, for the remainder of his life, the same amount per annum to which he would have been entitled if he had continued in such service, including any increase in compensation provided for active judges of said court."

While Justice Felts continued his service on the Court, T.C.A., § 17–301, was amended by Chapter 73, Public Acts of 1963, by deleting the last phrase, viz., "including any increase in compensation provided for active judges of such court," and substituting in lieu thereof the following phrase:

" . . . including any increase in compensation effective prior to August 31, 1966, and excluding any increase or decrease in compensation provided thereafter for active judges of such court."

When Justice Felts retired in 1965, he began receiving his pension computed on a basis of $15,000.00 per year which was the annual salary of an associate justice at the time of his retirement.

In 1965 the legislature again changed certain provisions of the Tennessee Judges' Retirement System, including a rewriting of T.C.A., § 17–301, to become effective on August 31, 1966, as follows:

"17–301. Normal retirement benefits.— Any judge who has reached normal retirement age, shall, upon retirement, be entitled to receive a normal retirement benefit, commencing on the first day of the month following his retirement as a judge and payable thereafter for life, subject to all the terms and conditions of the judges' retirement system." [1965 Public Acts, Chapter 237, Section 14.]

"Normal retirement benefit" was defined by T.C.A., § 17–313(f), as an amount not to exceed 75% of a judge's "benefit base," but not less than the amount determined under the old formula. "Benefit base" was initially defined [Section 17–313(e)] as the amount of a judge's salary at the time of his retirement, but in 1970 this definition was changed, effective September 1, 1970, to the following:

"(e) 'Benefit base' means a sum equal to the annual salary the retired judge would receive if he continued in the office from which he retired." [Chapter 386, Public Acts of 1970.]

Justice Felts' pension was paid at the rate of $15,000.00 per year until September 1, 1970, at which time the salary of an associate justice of the Tennessee Supreme Court was increased to $24,000.00 per year. At that time Justice Felts' pension was increased and was computed on a benefit base equal to 75% of $24,000.00.

In 1972 the legislature created the Tennessee Consolidated Retirement System into which the Tennessee Judges' Retirement System was merged but, by T.C.A., §§ 8–3935(3) and (4) and 8–3949, the escalator then contained in T.C.A., § 17–313(e), was preserved.

In 1975 T.C.A., § 8–3935, was amended to provide that the benefit base for the Tennessee Judges' Retirement System was the greater of the judge's final salary or the salary in effect on May 1, 1975, for the

office from which he retired. Moreover, in 1971, the legislature amended T.C.A., § 8–23–103 (formerly § 8–2303), to provide that beginning September 1, 1974, the salary of an associate justice of the Supreme Court would be $30,000.00 plus an additional adjustment to reflect the increases in the Consumer Price Index between 1970 and 1974. Accordingly, the salary of an associate justice was raised to $39,330.00, effective September 1, 1974, and further increases have been made on the first of July in succeeding years.

Therefore, effective September 1, 1974, the benefit base for Justice Felts' pension was increased to 75% of $39,330.00 but, because of the 1975 amendment to T.C.A., § 8–3935, above mentioned, no further increases were made in Justice Felts' pension, except those required by T.C.A., § 8–36–701 (formerly T.C.A., § 8–3923).

The primary focus of this litigation was to seek a declaratory judgment that §§ 5(b), 6, and 7 of Chapter 315, Public Acts of 1975, were, as applied to Justice Felts' pension, unconstitutional because they purported to repeal the escalator provisions enacted in 1970 and 1972 and, therefore, impaired the obligation of contract owing by the State to Justice Felts, in violation of Article I, Section 20 of the Constitution of Tennessee, and Article I, Section 10 of the Constitution of the United States.

The plaintiffs contended that they were entitled to an increase in Justice Felts' pension benefit base which would reflect the salary increases paid to associate justices of the Tennessee Supreme Court in July, 1975, 1976 and 1977. They also contended that the benefit base should continue to be raised as salaries might be increased in the future. The plaintiffs relied upon the decision of this Court in *Miles v. Tennessee Consol. Retirement System,* Tenn., 548 S.W.2d 299 (1976) for the proposition that Chapter 315 of the Public Acts of 1975 unconstitutionally deprived the plaintiff of the escalator provisions above mentioned.

The Chancellor concluded that the reliance of the plaintiffs upon the *Miles* case

was misplaced because Justice Felts retired prior to the enactment of the escalator provisions of 1970 and 1972 and, therefore, had no vested right in those provisions since they were not a part of the law at the time Justice Felts began his term in office or at the time of his retirement on January 1, 1965, and, thus, could not have constituted any inducement to his employment or his retirement. The rationale of the *Miles* decision, in part, was as follows:

"[A]n offer of a pension, the acceptance of same, and the completion of the service of the employee, creates a vested interest in said pension . . . ." 548 S.W.2d at 305.

The Chancellor concluded:

"Any pension benefit provisions which take effect after the completion of the employment contract neither induce nor serve as compensation for such employment. Therefore, these benefits do not attain the status of vested rights.

\*      \*      \*      \*      \*      \*

"T.C.A., § 17–313(e), which included the escalator provisions was enacted in 1970, five (5) years after Justice Felts retired. Thus, these benefits neither induced his employment nor served as additional compensation for the completion of his employment with the State. In 1975, Chapter 315 of the Public Acts amended the pension benefit provision limiting the escalator provisions applicable to Justice Felts' pension benefit base.

"Since Justice Felts had no vested right in the escalator provisions, their statutory limitation through the application of Chapter 315 to the computation of his pension benefits does not violate any constitutional rights of the plaintiffs."

The Chancellor, accordingly, dismissed the complaint. The plaintiffs then filed a motion for a new trial before the Chancellor asserting that Justice Felts did acquire a vested right in the escalator provision of T.C.A., § 17–301, as it existed in 1960 at the time Justice Felts began his term on the Supreme Court. This provision is quoted above in this opinion and provides, in perti-

nent part, that upon retirement the judge "shall thereupon be entitled to receive, for the remainder of his life, the same amount per annum to which he would have been entitled if he had continued in such service, *including any increase in compensation provided for active judges of such court.*" (Emphasis added.) The plaintiffs insisted that this escalator provision of T.C.A., § 17–301, became a vested contract right of Justice Felts under the rationale of the *Miles* case and, therefore, that its repeal by Chapter 73 of the Public Acts of 1963 was an impairment of the obligation of contract and was unconstitutional under the rationale of the *Miles* case. However, the Chancellor denied this insistence and plaintiffs appealed to the Court of Appeals.

The Court of Appeals affirmed the decree of the Chancellor except with respect to his denial of the claim of the plaintiffs that Chapter 73 of the Public Acts of 1963, insofar as it attempted to repeal the escalator provision found in T.C.A., § 17–301, was unconstitutional as an impairment of the obligation of contract. In this latter respect the Court of Appeals concluded that the Chancellor had erred in failing to grant a new trial and in failing to hold that the 1963 act was unconstitutional as applied to Justice Felts. Thus, the Court of Appeals concluded:

"Since *Miles* held that the pension, being an inducement to employment and a part of compensation, becomes a part of the employment contract and since Justice Felts retired in 1965 at the end of his term begun while the escalator was in effect and a part of his contract, he became entitled to the pension benefits set out in Section 17–301 in effect in 1960. The attempted repeal of the escalator in 1963 is unconstitutional as applied to him just as the attempted repeal of the 1970 escalator was unconstitutional as applied to judges who began their term of office in 1974 in *Miles.*"

The Court of Appeals decreed that:

"Plaintiffs are entitled to have future benefits computed under T.C.A., § 17–301, as it was in effect in 1960 when Justice Felts began his final term of office and to receive the difference, with interest, between amounts owed under that version of T.C.A., § 17–301, and amounts actually received in past payments."

This Court granted the application of the defendants to appeal the decision of the Court of Appeals. The plaintiffs have not sought review by this Court of the decision of the Court of Appeals. Moreover, the defendants do not dispute the holding of the Court of Appeals that Justice Felts acquired a vested right in the pension benefit provisions of T.C.A., § 17–301, including the escalator provision therein, as that section existed in 1960 when he began his last term in office.

Since the decision in *Miles,* we have dealt more comprehensively with issues concerning the vesting of rights under retirement pension plans for government officials and employees as well as the extent to which such plans may be altered to the detriment of beneficiaries. *Blackwell v. The Quarterly County Court of Shelby County, Tennessee,* Tenn., 622 S.W.2d 535 (1981); *Roberts v. Tennessee Consol. Retirement System,* Tenn., 622 S.W.2d 544 (1981). The rule there followed is that a public employer may make changes in such a plan when reasonably required to do so for the fiscal integrity thereof, even though such changes be detrimental to the beneficiaries of the plan, except that, no such modification can be permitted to adversely affect an employee who has complied with all conditions necessary to be eligible for a retirement allowance.

In the case at bar, we must assume that Justice Felts' rights under T.C.A., § 17–301, as it existed when Chapter 73, Public Acts of 1963, became effective, had become vested under the rule of these later cases as well as under *Miles,* since this is not disputed. No doubt this is true because Justice Felts retired on January 1, 1965, prior to the effective date of Chapter 73, August 31, 1966.

The defendants argue as follows:

"The first question presented for review involves whether an individual's contractual right to certain retirement benefits under a superseded retirement system is, as a matter of law, unconstitutionally abrogated by legislative modifications to the retirement statutes even though the individual has manifestly indicated his acceptance of the modifications by continuously accepting, over a period of years, retirement benefits computed in accordance with the modifications."

The argument seems to be that because Justice Felts and his widow received and accepted pension benefits erroneously computed by State authorities under various statutes enacted in 1965, 1970, 1971, 1972 and 1975 that he should be held to have waived his rights to the greater benefits to which he was entitled under T.C.A., § 17–301, as it existed in 1960, including the escalator provision thereof.

The principle of waiver as recognized in this state is defined as the voluntary relinquishment or abandonment of a known right or privilege. *State v. Mackey*, Tenn., 553 S.W.2d 337, 340 (1977); *Dallas Glass of Hendersonville, Inc. v. Bituminous Fire & Marine Ins. Co.*, Tenn., 544 S.W.2d 351, 354 (1976); *Baird v. Fidelity-Phenix Fire Ins. Co.*, 178 Tenn. 653, 162 S.W.2d 384 (1942).

In the instant case the only facts in the record are those set out in a written stipulation filed in the Chancery Court. None of these facts, nor all of them, furnish the basis for a reasonable inference that Judge Felts or his widow ever voluntarily and knowingly relinquished or abandoned the right to have his pension benefits determined under the provisions of T.C.A., § 17–301, as it existed in 1960. The mere fact that he and his widow accepted checks in amounts less than they were entitled to receive cannot amount to such a waiver, there being no evidence that they were aware of the fact that the amounts thus received were incorrect.

We find no error in the opinion and decree of the Court of Appeals; accordingly, it is in all things affirmed. Having concluded that the pension rights of Justice Felts should be determined under the statutes as they existed in 1960, we remand for any further computations that may be necessary and also for determination of the rights of Mrs. Felts under such election as may have been made by Justice Felts concerning her benefits. Costs incurred in this Court are taxed against the appellants.

FONES, C.J., and COOPER, HARBISON, and DROWOTA, JJ., concur.