**Michael CARDIN, Plaintiff–Appellee,**

v.

**Jeffrey CAMPBELL, and John Doe, Defendants,**

**and**

**Grange Mutual Insurance Company (served as uninsured motorist carrier), Appellant.**

Court of Appeals of Tennessee, Eastern Section.

Nov. 21, 1995.

Permission to Appeal Denied by Supreme Court April 29, 1996.

R. Kim Burnette, Samuel C. Doak and David E. Long, Knoxville, for Plaintiff–Appellee.

Beecher A. Bartlett, Jr., Glenn R. Walter and Adrienne L. Anderson, Knoxville, for Appellant.

## OPINION

FRANKS, Judge.

In this action a judgment for damages for personal injuries was entered on behalf of the plaintiff, and defendant Grange Mutual Insurance Company has appealed, insisting the Trial Court should have entered summary judgment on their motion to dismiss the uninsured motorist claim.

Plaintiff was a guest passenger in a motor vehicle operated by Jeffrey Campbell, and sustained bodily injury when the vehicle left the main travelled portion of the road and struck a tree. Plaintiff then brought this action alleging that Campbell's vehicle was forced off the road by an oncoming vehicle which was sued, along with Campbell as "John Doe", the unknown owner-operator of

the other motor vehicle. Defendant-appellant was served with a copy of the complaint pursuant to T.C.A. § 56–7–1201, as the Campbell vehicle was covered under its policy of insurance which contained uninsured motorist coverage. Defendant Grange filed an answer denying liability to plaintiff and denying the existence of the "John Doe" defendant.

Grange then filed requests for admissions. Plaintiff's response admitted that there were no occupants of the vehicle other than plaintiff and Campbell, admitted there was no physical contact between Campbell's vehicle and the "John Doe" vehicle, and that there were no other witnesses other than the two occupants of the Campbell vehicle to the accident or the existence of the "John Doe" vehicle.

Defendant, then relying on T.C.A. § 56–7–1201(e)[1] and the admissions of plaintiff moved for a dismissal of this action. The plaintiff filed a response to the motion, insisting defendant had waived its right to rely upon any defenses it might otherwise have pursuant to T.C.A. § 56–7–1201(e), or any similar provision under the policy. Plaintiff relied on statements in two letters from defendant's agents to plaintiff's attorney, which were written before this action was filed. One of the letters written by Tammy Avans, stated that Grange had assigned the claim to an independent adjusting firm and the letter further stated:

Our investigation is complete. Both our insured and your client strongly place absolute liability with the unknown driver of the vehicle that was approaching head-on in their lane of travel. Mr. Cardin stated that our insured did everything possible to avoid the accident, and he, himself, could have acted in no other fashion.

Then a subsequent letter from Phil Ballard, defendant's claims manager stated, in part:

Basically, unless you plan to impeach Mr. Cardin, the liability issues are resolved by this statement under oath. Mr. Cardin states that the phantom vehicle was a small, low-sitting truck or small car. This vehicle was taking up at least half of their lane, travelling fast and right at us. Their lights were bright, our speed limit is 30 miles per hour. I do not blame Jeff in any way. Our reaction was immediate. The statement presented by your client is a strong case that liability rests with John Doe. Our share of negligence is very small or nonexistent.

. . . . . .

I cannot ignore that John Doe's negligence is a proximate cause of this accident. Without him, there is not the first reason to believe that Mr. Campbell would have left the road . . .

The Trial Court entered an order overruling the motion to dismiss and ordered "that the plaintiff is hereby allowed in this case to proceed against Grange Mutual in its capacity as uninsured motorist carrier without the necessity of proof of contact with the 'John Doe' vehicle, or proof of its existence through witnesses other than the occupants of the vehicle in which the plaintiff was riding as a passenger".

Plaintiff insists that the ruling of the Trial Judge is correct, under either the theory of judicial estoppel or waiver.

 Under the doctrine of judicial estoppel where a person states under oath in former litigation, either in pleadings or testimony, that a fact is true, she will not be permitted to deny that fact in subsequent

---

1. **T.C.A. § 56–7–1201(e) provides:**
(e) If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, the insured shall have no right to recover under the uninsured motorist provision unless:
 (1)(A) Actual physical contact shall have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured; or
 (B) The existence of such unknown motorist is established by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle;
 (2) The insured or someone in the insured's behalf shall have reported the accident to the appropriate law enforcement agency within a reasonable time after its occurrence; and
 (3) The insured was not negligent in failing to determine the identity of the other vehicle and the owner or operator of the other vehicle at the time of the accident.

litigation. *Melton v. Anderson*, 32 Tenn. App. 335, 222 S.W.2d 666 (1948). This doctrine is not applicable. The letters relied upon are not a part of any previous litigation, but when taken in context, are discussions of the insured's potential liability under plaintiff's and the insured's representations about how the accident occurred.

The Supreme Court in *Felts v. Tennessee Consolidated Retirement System*, 650 S.W.2d 371 (Tenn.1983) defined waiver thus:

> The principle of waiver as recognized in this State is defined as the voluntary relinquishment or abandonment of a known right or a privilege. (Citations omitted, p. 375).

█ There is clearly no expressed waiver in this case. However, Tennessee courts have recognized waiver by implication. We said in *Sexton v. Hartford Fire Ins. Co.*, 7 Tenn.App. 273, 282 (1928):

> However, we think it well settled that a waiver of stipulations or conditions in a policy ... may be implied by the facts and circumstances, or from words or conduct of the insurance company, its officers or agents. It has been held that 'any words or conduct inconsistent with an intention upon the part of the insurer to insist upon compliance with the requirements of the policy in this respect, and calculated to lead insurer to believe that they will not be insisted upon, may constitute an implied waiver.'

In this case, the letter from the insurance company advising the claimant that based on the insured's version of the accident there would be no liability on the insured, does not imply that the insurance company would waive the requisite statutory proof, should a claim be brought against the "John Doe" motorist when defending under its uninsured coverage. Indeed, in the letter relied upon by plaintiff before the Trial Judge, the branch manager stated:

> I believe new law would have to be written for the uninsured motorist provision to apply. Absent is physical contact and compelling evidence, other than evidence provided by the occupants in the insured vehicle. Either one or the other is required under statute 56–7–1201.

For the foregoing reasons, we reverse the judgment of the Trial Court and remand for the entry of an order dismissing this action. Costs of appeal are assessed against Plaintiff.

GODDARD, P.J. (E.S.), and SUSANO, J., concur.