FIRST AMERICAN TRUST COMPANY, )
Executor of the Estate of )
Frances A. Oman, Deceased, )
                       )     Appeal No.
       Plaintiff/Appellee,     )     01-A-01-9507-CH-00324
                       )
VS.                      )     Williamson Chancery
                       )     No. 22922
FRANKLIN-MURRAY DEVELOPMENT )
COMPANY, L.P.,           )
                       )
       Defendant/Appellant.     )

FILED

**February 28, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF WILLIAMSON COUNTY
AT FRANKLIN, TENNESSEE

THE HONORABLE HENRY DENMARK BELL, JUDGE

CHARLES A. TROST
JOSEPH A. WOODRUFF
511 Union Street, Suite 2100
Nashville, Tennessee 37219-1760

THOMAS V. WHITE
315 Deaderick Street, 21st Floor
Nashville, Tennessee 37238
      Attorneys for Plaintiff/Appellee

JOHN A. DAY
DONALD CAPPARELLA
150 Fourth Avenue North
Nashville, Tennessee 37219

GUY C. NICHOLSON
2049 Century Park East, Suite 755
Los Angeles, CA 90067
      Attorneys for Defendant/Appellant

AFFIRMED AND REMANDED

                      BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
LEWIS, J.

# O P I N I O N

The Chancery Court of Williamson County awarded the earnest money in a real estate transaction to the seller, finding that the purchaser had breached the contract. On appeal the purchaser contends that the seller failed to deliver a marketable title and that there are factual disputes that preclude granting summary judgment to the seller. We affirm the trial court's decision.

## I.

First American Trust Company (FATC) is the duly appointed executor under the will of Frances A. Oman, who died on May 29, 1992. Ms. Oman died owning several large tracts of valuable real property, some of which had to be sold to pay estate taxes.

On April 14, 1994 Franklin-Murray Development, L.P. (FMD) entered into an agreement to purchase a 224 acre tract in Brentwood for $1,000,000 down and a $4,750,000 note secured by a deed of trust. The agreement called for the payment of earnest money to an escrow agent and a closing date within sixty days. FATC was obligated to furnish good and marketable title to the property. If certain contingencies had not been met by the original closing date the closing could be extended up to sixty additional days. Otherwise, time was made of the essence with respect to each party's obligations.

The transaction did not close within the time provided in the agreement. Although the parties negotiated a modification of the amount of the down payment, they remained at odds over FATC's proposal to satisfy the estate tax lien. On October 3, 1994 FATC filed an action in the Chancery Court of Williamson County

seeking a declaration that it was entitled to the earnest money because FMD had breached the agreement by failing to close. On November 9, 1994 FMD filed an answer and counterclaim seeking damages from FATC for breaching the contract by failing to furnish good and marketable title. FMD also recorded a lis pendens lien to secure the payment of its anticipated judgment.

FATC moved to have the court remove the lis pendens lien because FMD was seeking only damages and was not asserting an interest in the property. After a hearing, the chancellor declined to remove the lien and recited in a December 14, 1994 order that "counsel for both sides asserted during oral argument that they were still willing to close the contract if the other side was ready to perform all its obligations."

On January 19, 1995 FATC moved the court for an order of specific performance. The motion asserted that FATC was ready and willing to transfer unrestricted and unencumbered title to FMD. In support of the motion FATC filed documents showing that the IRS and the Tennessee Department of Revenue had agreed to waive their tax liens because FATC had provided security for the payment of any tax due. The security provided for the IRS was a $4,000,000 surety bond and a promise to pay the IRS the entire $1,000,000 down payment. After giving FMD additional time to respond to FATC's motion, the court entered an order on March 6, 1995 granting specific performance to FATC and ordering that the sale be closed on March 28, 1995. The court further ordered that if FMD could not close on the date specified it must release its lis pendens lien.

FMD did not close on the appointed date. FATC then filed a motion for summary judgment on the merits of the case and the court entered a final judgment dismissing FMD's counterclaim and awarding the earnest money to FATC.

## II.

Boiled down to its fundamentals, this case turns on the answer to two questions: (1) Did the chancery court commit reversible error in its March 1995 order ordering the parties to perform the contract? and (2) Was FATC entitled to summary judgment holding that FMD breached the contract? We think the uncontradicted facts show that the court properly decided both issues.

FMD defended the original action and based its counterclaim on the fact that the tax lien rendered the title unmarketable. Whether FMD could have prevailed on that theory has now passed into history and we take no position with respect to that question.[1] When FMD represented to the court that it was still ready and willing to close the transaction if FATC could fulfill all its obligations, it waived any prior objections based on the failure to furnish marketable title in a timely fashion. Waiver is the voluntary surrender of a known right. *Felts v. Tennessee Consolidated Retirement System*, 650 S.W.2d 371 (1983). Although FMD now quibbles with the chancellor's "finding" that FMD took a position in favor of closing the transaction, the chancellor's order reciting that fact went unchallenged until FATC took the steps necessary to remove the tax lien. The uncontradicted facts show that FMD waived any right it had to rely on the "time is of the essence" provision in the contract.

When time is no longer of the essence the parties have a reasonable time in which to close. *Miller v. Resha*, 820 S.W.2d 357 (Tenn. 1991). FATC moved for an order of specific performance within thirty-six days of the December 14, 1994 order. With the agreement of the IRS and the Tennessee Department of Revenue to waive their claims for taxes, FMD's only objection to closing had been resolved.

---

[1] Whether an incipient estate tax lien renders title to property unmarketable where the lien is to be discharged by the sale proceeds is an interesting question, but one we will not address now.

Therefore, the chancellor was justified in ordering performance in accordance with the parties' earlier representations that they were willing to perform.

## III.

It is important to note that ultimately the chancellor did not order specific performance. The final disposition of the case came when FATC moved for summary judgment on the merits of its contention that FMD breached the contract. So, in actuality the March 6, 1995 order merely set a date certain for the closure.

When that date passed and FMD was unable or unwilling to close, FATC moved for summary judgment. We think the uncontroverted facts show that FMD breached the contract. As we have pointed out, the only defense raised to FATC's action was the fact that the tax lien clouded the title to the property. FATC was prepared to deliver title on March 28, 1995 free and clear of all tax liens. Thus, FATC was entitled to summary judgment on the breach of contract issue.

## IV.

FMD argues that the order of March 6, 1995 was in the alternative; that it gave FMD the option of closing or releasing its lis pendens lien. Even if FMD is correct on that point there is nothing in the papers supporting the motion indicating that FATC had elected to accept a release of the lien in lieu of all other remedies. Similarly, there is nothing in the court's order restricting FATC's remedies to a release of the lien. The court's order of March 6, 1995 specifically reserved "all other matters" after ordering a closing on March 28, 1995 or a release of the lien.

The judgment of the lower court is affirmed and the cause is remanded to the Chancery Court of Williamson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
SAMUEL L. LEWIS, JUDGE