FILED

June 6, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| ANTHONY W. NANCE, and BRANDON NANCE, | ) C/A NO. 03A01-9701-CV-00037 |
| | ) |
| | ) CAMPBELL CIRCUIT |
| Plaintiffs-Appellants, | ) |
| | ) HON. CONRAD E. TROUTMAN, JR., |
| v. | ) JUDGE |
| | ) |
| CHRISTOPHER H. STRUNK, | ) AFFIRMED IN PART, |
| | ) REVERSED IN PART, |
| Defendant-Appellee. | ) AND REMANDED |

VIC PRYOR, BASISTA, PRYOR & BALLOFF, Jacksboro, for Plaintiffs-Appellants.

DANIEL M. GASS, O'NEIL, PARKER & WILLIAMSON, Knoxville, for Defendant-Appellee.

DENNIS L. BABB and VONDA M. LAUGHLIN, BUTLER, VINES & BABB, Knoxville, for Defendant-Appellee, Guaranty National Insurance Company.


**O P I N I O N**


Franks. J.


In this action arising from a motor vehicle accident, the defendants were granted summary judgment and plaintiffs have appealed.

An accident occurred between a motor vehicle driven by plaintiff Nance and a truck driven by defendant Strunk. Taking the evidence most favorable to plaintiffs, both

vehicles were traveling north on Interstate 75, through the Jellico Mountains. Plaintiff was driving his empty flatbed tractor trailer in the left lane at a rate of approximately 60 mph, when a grey station wagon suddenly swerved in front of him, causing him to move into the right lane to avoid that vehicle. Defendant Strunk's truck was traveling in the right lane at approximately 10 to 15 miles per hour, and plaintiff's vehicle collided with the rear of Strunk's truck.

Strunk states that he was traveling 40 to 45 miles per hour and never saw the grey station wagon in the vicinity, and that plaintiff's vehicle simply came barreling up the right lane and rear-ended him The driver of the grey vehicle has never been identified or found.

In plaintiff's suit against Defendant, plaintiff alleged that defendant was traveling at such an unreasonably low rate of speed so as to impede traffic on the highway in violation of T.C.A. §55-8-154 and his negligence was a proximate cause of the accident. Responding to defendant's motion for summary judgment, the Trial Court granted summary judgment on the basis that the proximate cause of the accident was the negligent operation of the grey motor vehicle.

Summary judgment is reviewed without attaching any presumption of correctness to the judgment. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). Summary judgment is appropriate when, viewing all evidence and inferences in the light most favorable to the non-moving party, there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993).

2

The statute pled in this case reads in pertinent part:

**Minimum speed regulation - Turnouts - Passing bays - Penalties**. - (a) No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with the law. . . .

T.C.A. § 55-8-154(a).

This statute is cited in only two Tennessee cases, neither of which made any explicit determination of what constitutes a violation of the statute.[1]. *Watts v. Wilkerson* upheld a jury verdict finding the slow driver 40% at fault for an accident. This finding of liability is consistent with cases involving similar statutes in other states, which have held a question of whether such a statute has been violated and whether such violation constitutes the negligent proximate causing or contributing to an accident is for the jury. 66 A.L.R.2d 1194; *e.g., Griffin v. Illinois Bell Telephone Co.*, 180 N.E.2d 228, 230 (Ill. Ct. App. 1962); *Fonville v. Dixon*, 193 S.E.2d 406 (N.C. Ct. App. 1972); *Leo v. Adams*, 208 N.W.2d 706 (S.D. 1973); *Mina v. Boise Cascade Corp.*, 681 P.2d 880, 884 (Wash. Ct. App. 1984). These cases acknowledge that ?dawdlers, as well as speeders, can become a menace to the safety of their fellow motorists.? *Cheek v. Weiss*, 615 S.W.2d

---

[1] *See Carr v. Ozburn-Hessey Storage Co.*, 1996 WL 383295 (Tenn. App. 1996). In *Carr*, plaintiff rear-ended defendant, who had just turned onto the highway from an intersection. The reasonableness of the defendant's speed, which was not disputed - 20 mph - was not directly addressed by the Court. Although the Court may have made an implicit judgment that the defendant was not driving in violation of the statute, the basis upon which the summary judgment was upheld was that an examination of the circumstances surrounding the accident supported finding plaintiff more than 50% at fault in the accident.

The other case is *Watts v. Wilkerson*, 1994 WL 85951 (Tenn. App. 1994).

3

453, 458 (Mo. Ct. App. 1981), *quoting Lafferty v. Wattle*, 349 S.W.2d 519, 528 (Mo. Ct. App. 1961).

The speed of the defendant's vehicle is an issue of disputed material fact, as it bears on whether the statute was violated and whether such violation, if any, contributed to the proximate cause of the accident. Proximate causation is to be determined by the trier of fact, unless all reasonable persons would agree on the proper outcome. *See McClenahan v. Cooley*, 806 S.W.2d 767 (Tenn. 1991). Accordingly, we vacate summary judgment on behalf of these defendants and remand for further proceedings consistent with this opinion.

Plaintiff also filed this action against his insurer under the uninsured and underinsured motor vehicle coverage statute. When the owner or operator of a vehicle which causes bodily injury or property damage is unknown, the insured can only recover if:

> (A) Actual physical contact shall have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured; or (B) The existence of such unknown motorist is established by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle.

T.C.A. §56-7-1201(e)(1). The only evidence in the record as to the existence of the grey vehicle comes from the two occupants of plaintiffs' vehicle. The conditions required by the statute have not been established in this case and summary judgment was appropriate on the issue of uninsured motorist coverage. *Cardin v. Campbell*, 920 S.W.2d 222 (Tenn. App. 1995). However, the claim against the insurance carrier relating to the underinsured provision of plaintiffs' policy will be reinstated because the action has been reinstated as

4

to the remaining defendants.

The cost of the appeal is assessed to defendant and the cause remanded.

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M Goddard, P.J.

_____
Don T. McMurray, J.

FILED

June 6, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

ANTHONY W. NANCE,               ) C/A NO.  03A01-9701-CV-00037
and  BRANDON NANCE,             )
                                ) CAMPBELL CIRCUIT
         Plaintiffs-Appellants, )
                                )
v.                              )
                                )
CHRISTOPHER H. STRUNK,          )
                                )
         Defendant-Appellee.    )

O R D E R

This  cause  was  regularly  heard  and  considered  by  the

court.   IT IS NOW ORDERED that  the  judgment  of  the  Trial  Court

is  affirmed  in  part,  reversed  in  part,  and  the  cause  remanded.

The  costs  of  appeal  are  adjudged  to  defendant,  for  which

execution  may  issue  if  necessary.

PER CURIUM